■ In the Matter of TRI-STATE AMBULANCE SERVICE, INC., Respondent, v STATE OF NEW YORK DEPARTMENT OF HEALTH et al., Appellants.—Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Conway, J.), entered July 2, 1984 in Albany County, which, inter alia, granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul respondents' determination denying petitioner's request for a license to do business as a provider of ambulance services in New York State.

Petitioner is a New Jersey corporation which provides ambulance service to a three-county area of New Jersey. One of those counties is contiguous to Orange County in New York, and petitioner regularly transports patients between health-related facilities in New York and New Jersey. At the request of several of the New York facilities, petitioner began transporting patients between facilities located in New York. Pursuant to Public Health Law § 3005, petitioner needed an ambulance service certificate to provide intrastate transportation of patients between health-related facilities, and in 1981 petitioner was so advised by the Orange County Emergency

Medical Service Council. On April 1, 1981, petitioner filed an application for the necessary license. After some initial delays, and following several hearings, appeals and interim decisions and recommendations by various local and regional public bodies and officers, respondent New York State Emergency Medical Services Council (hereinafter Council) denied petitioner's application in a determination dated April 8, 1983. Petitioner commenced a CPLR article 78 proceeding and, since no reasons were given for the denial of petitioner's application, Special Term annulled the determination and remitted the matter to the Council. In December 1983, the Council again denied petitioner's application in a determination which adopted the findings and recommendations of the Council's Legal Affairs Committee. Petitioner commenced this article 78 proceeding, alleging that, procedurally and substantively, the determination was arbitrary and capricious. Special Term agreed and annulled the determination. We reverse.

The record reveals that in seeking certification as an ambulance service, petitioner encountered an administrative process that was confusing, time-consuming, cumbersome and ineffecient. Nevertheless, contrary to Special Term, we find no infringement on petitioner's right to due process or equal protection.* As recognized by the parties on this appeal, the critical issue is whether the record contains a rational basis for the agency's determination. Petitioner argues that the evidence in the record supports the findings and conclusions of the Administrative Law Judge, who recommended that petitioner's application be granted. While this argument may have some merit, it does not establish the lack of a rational basis for the Council's contrary determination.

Petitioner's application for a license could not be granted in the absence of a finding of public need (Public Health Law §§ 3005, 3008). On this issue, the record contains conflicting evidence from petitioner, local hospitals and other ambulance services. "The task of weighing the evidence and making a decision rests solely upon the administrative agency" *(Matter of Bio-Tech Mills v Williams,* 105 AD2d 301, 306, *affd* 65 NY2d 855). By statute, the Council is the administrative agency responsible for making a final determination on public need (Public Health Law § 3002 [3]) and, in reviewing such a determination, the courts cannot substitute their view of the

---

* Although one of petitioner's prospective competitors was a member of two of the public bodies that made recommendations on the application, it appears that he did not vote or participate in the deliberations of those bodies.

factual merits of the controversy for that of the administrative agency *(Matter of Axel v Duffy-Mott Co.,* 47 NY2d 1, 6). As the agency responsible for making the final determination, the Council was not bound by the findings, conclusions and recommendations of the Administrative Law Judge *(see, Matter of Simpson v Wolansky,* 38 NY2d 391, 394). In our view, the conflicting evidence in the record is sufficient to support either of the two opposing conclusions as to public need. In such circumstances, the choice of the agency responsible for making the final determination cannot be disturbed *(Matter of Collins v Codd,* 38 NY2d 269; *Matter of Clarke v Board of Educ.,* 105 AD2d 893, 895, *appeal dismissed* 64 NY2d 1015).

Judgment reversed, on the law, without costs, determination confirmed and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.