■ In the Matter of LASALLE AMBULANCE, INC., Doing Business as RURAL/METRO AMBULANCE, Appellant, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [665 NYS2d 747] —White, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered October 25, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition for lack of standing.

On July 2, 1996, respondent Department of Health issued a "corrected" ambulance service certificate to respondent Twin City Ambulance Corporation (hereinafter TCA) permitting it to operate in Niagara and Erie Counties. Thereafter, petitioner, the holder of an ambulance service certificate allowing it to operate in Erie County, commenced this CPLR article 78 proceeding challenging the issuance of the certificate to TCA, claiming that respondents failed to follow the prescribed statutory procedures which, if followed, would have required TCA to establish the need for additional ambulance service in Erie County and afforded petitioner an opportunity to comment (Public Health Law § 3005 [6]; § 3008 [1], [2]). Respondents moved to dismiss the petition on the ground that petitioner lacked standing. Supreme Court granted the motions, prompting this appeal.

To establish standing to challenge an administrative action, a petitioner must show an injury in fact—an actual legal stake in the matter being adjudicated—and that the interest or injury asserted falls within the zone of interest to be protected by the statute or constitutional guarantee (see, Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773; Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9; Matter of New York Assn. of Convenience Stores v Urbach, 230 AD2d 338, 341). As the concept of standing has evolved, the " 'zone of interest' " test has developed into the primary test, focusing on whether the interest sought to be protected is within the concerns the Legislature sought to advance or protect by a statutory enact-

ment (*Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.*, 84 NY2d 287, 295-296).

This is exemplified in *Matter of Blue Cross v Cooper* (164 AD2d 578). There, the petitioner claimed a competitive injury as the result of the administrative approval of the continued marketing and sale of a health insurance contract by one of its competitors at a rate that was allegedly inadequate and actuarially unsound (*id.*, at 579). We denied the petitioner standing because the applicable statute did not reflect an overriding legislative purpose to prevent destructive competition (*id.*, at 581). We reached the same conclusion in *Arnot-Ogden Mem. Hosp. v Guthrie Clinic* (122 AD2d 413, *lv denied* 68 NY2d 612) since our reading of the controlling statute did not lead to the conclusion that competing health care providers were intended to be protected by it. We reached a different conclusion in *Matter of New York Assn. of Convenience Stores v Urbach* (*supra*), finding that the petitioner in that case had standing because its competitive injury fell within the zone of interest sought to be protected by the Equal Protection Clause.

In this instance the controlling statutory provisions are found in Public Health Law article 30. In enacting this article, the Legislature declared that the furnishing of medical assistance in an emergency is a matter of vital concern affecting the public health, safety and welfare, and that the purpose of the legislation is to promote the public health, safety and welfare by, *inter alia*, providing for certification of all advanced life support first response services and ambulance services (Public Health Law § 3000). From this it is clear that the legislative intent was to protect the public and not to shield ambulance services from competition. Accordingly, we find that petitioner's claimed competitive injury is not within the "zone of interest" protected by Public Health Law article 30.

Petitioner cannot claim that its injury falls within the "zone of interest" protected by a constitutional guarantee as it has not established that any such guarantee was violated by the actions of the Department of Health (*see, Matter of New York Assn. of Convenience Stores v Urbach, supra*, at 341, 343).

We have examined petitioner's remaining contentions and find them unpersuasive. Accordingly, for the foregoing reasons, we conclude that petitioner lacks standing to maintain this proceeding.

Mikoll, J. P., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.