■ In the Matter of TROY AMBULANCE SERVICE, INC., Doing Business as EMPIRE AMBULANCE SERVICE, et al., Appellants, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents. [687 NYS2d 493] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 13, 1998 in Albany County, which, inter alia, in a proceeding pursuant to CPLR article 78, partially granted respondents' motion to dismiss the petition due to certain petitioners' lack of standing.

Petitioners commenced this CPLR article 78 proceeding challenging respondent Department of Health's transfer of two

ambulance operating certificates to respondent Parkland Ambulance Service, Inc. The certificates in question had been originally issued to Mohawk Ambulance Service and Schenectady Ambulance and Oxygen Service, Inc., whose operations Parkland took over in 1978 and 1984, respectively. Renewal certificates issued after that time reflected Parkland doing business as Mohawk Ambulance Service and Parkland doing business as Schenectady Ambulance Service, and the transfer of the certificates consequently effected no substantive change in the ownership or operation of these services. Supreme Court dismissed the proceeding as to petitioners Troy Ambulance Service, Inc., Edward Thompson, Otto R. Madsen, Kenneth Swart and Stephen R. Retzlaff on the ground that they lacked standing to challenge the Department of Health's administrative action, and this appeal ensued.

As a preliminary matter, we reject Parkland's argument that the judgment dismissing the petition as to these petitioners is not appealable because it did not terminate the proceedings and therefore is not a final judgment. A judgment or order is final if it "disposes of all of the causes of action between the parties in the * * * proceeding and leaves nothing for further judicial action apart from mere ministerial matters" (*Burke v Crosson*, 85 NY2d 10, 15). Nor is this appeal rendered moot by Supreme Court's subsequent dismissal of the petition, which adjudicated only the transfer of the Schenectady Ambulance certificate.

Turning to the merits of the appeal, Supreme Court properly determined the issue of standing. Neither a competing ambulance service nor its individual employees have standing to challenge the Department of Health's transfer of ambulance certificates where the sole allegation of harm is a competitive injury. While a competitive injury may in some instances be sufficient to confer standing, the critical showing is that such an injury falls within the zone of interest of the controlling statute (*see, Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9). That showing is absent here, as the explicit purpose of Public Health Law article 30 is to protect the public health, safety and welfare and "not to shield ambulance services from competition" (*Matter of Lasalle Ambulance v New York State Dept. of Health*, 245 AD2d 724, 725, *lv denied* 91 NY2d 810).

Troy Ambulance has alleged no particularized injury beyond that inherent in its status as a competitor of Parkland. Thompson, Madsen and Swart are employees of a competing ambulance service (alleged by Parkland to be Troy Ambulance), and argue that theirs is not a competitive but an "employment

injury", i.e., an interest in ensuring adequate employment opportunities with ambulance service providers. This characterization is a distinction without a difference, as the purpose of the Public Health Law is not to ensure or promote the availability of employment opportunities. To the extent that these employees claim standing by virtue of their residence in the affected counties whose health, safety and welfare is within the purview of the Public Health Law, their allegation of harm in this regard is in no way "different from that of the public at large" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774). Retzlaff is a principal in Troy Ambulance who also serves as a member of the Hudson Mohawk Regional Emergency Medical Service Council, which, pursuant to Public Health Law § 3010 (2), is responsible for reviewing applications for transfers of ambulance certificates. He alleges that the Department of Health's transfer of the certificates without first seeking a determination of public need impinged upon the discharge of his statutory responsibility. We are not persuaded. In point of fact, Retzlaff's lack of participation in the Council's review process resulted from his declaration of a conflict of interest in the matter.

We have considered the parties' remaining contentions and find them to be without merit.

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.