■ In the Matter of PARKLAND AMBULANCE SERVICE, INC., Doing Business as MOHAWK AMBULANCE SERVICE, et al., Respondents, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Appellants. [689 NYS2d 769] —Crew III, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), entered April 28, 1998 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent State Department of Health which amended the ambulance service certificate of respondent Troy Ambulance Service, Inc. to include Rensselaer County.

Respondent Troy Ambulance Service, Inc. (hereinafter the provider), doing business as Empire Ambulance Service, is a certified commercial ambulance service provider which, prior to the commencement of the instant proceeding, operated within various local municipalities including, primarily, the City of Troy, Rensselaer County. Insofar as is relevant to this appeal, the provider applied to respondent State Department of Health (hereinafter DOH) in December 1996 for an amended ambulance service certificate seeking to expand its operating territory throughout all of Rensselaer County. DOH subsequently granted the aforementioned application, prompting petitioners to commence this proceeding pursuant to CPLR article 78 to annul the underlying determination. DOH, together with respondent Commissioner of Health and respon-

dent Director of the Bureau of Emergency Medical Services, moved to dismiss contending that petitioners lacked standing to maintain this proceeding, and the provider cross-moved for similar relief.

By order entered July 28, 1997, Supreme Court granted the motion to dismiss as to petitioners Richard Brandt and Jeffrey Williams, both of whom were members of the Hudson Mohawk Regional Council, the entity allegedly responsible for reviewing applications for certificate of public need for expansion of ambulance territories,* but denied the motion as to petitioner Parkland Ambulance Service, Inc., doing business as Mohawk Ambulance Service, and petitioner Blaine Freemantle, a resident of Rensselaer County and a member of a local volunteer ambulance corp. Respondents answered and Supreme Court, in response to this Court's decision in *Matter of Lasalle Ambulance v New York State Dept. of Health* (245 AD2d 724, *lv denied* 91 NY2d 810), reconsidered its prior decision and, by order entered April 28, 1998, granted respondents' motions to dismiss as to Parkland as well. After again concluding that Freemantle had standing to challenge the underlying determination, Supreme Court granted the petition finding, *inter alia*, that DOH's determination was arbitrary and capricious. This appeal by respondents ensued.

There must be a reversal. As a starting point, we reject petitioners' assertion that respondents "waived" their claim that Freemantle lacked standing to maintain this proceeding. Additionally, to the extent that petitioners continue to assert that Parkland, Brandt and Williams each possess standing as well, we need note only that petitioners failed to appeal from Supreme Court's respective orders granting the motion to dismiss as to such parties and, accordingly, the issue of standing with respect to Parkland, Brandt and Williams is not properly before us.

Turning to the merits, it is well settled that "[t]o establish standing to challenge an administrative action, a petitioner must show an injury in fact—an actual legal stake in the matter being adjudicated—and that the interest or injury asserted falls within the zone of interest to be protected by the statute or constitutional guarantee" (*Matter of Lasalle Ambulance v New York State Dept. of Health*, 245 AD2d 724, *supra; see, Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773; *Matter of Hoston v New York State Dept. of Health*, 203 AD2d

---

* There also does not appear to be any dispute that both Brandt and Williams were employed by petitioner Parkland Ambulance Service, Inc., doing business as Mohawk Ambulance Service.

826, 827, *lv denied* 84 NY2d 803). Such injury, in turn, must be different in kind or degree from that suffered by the public at large (*see, Society of Plastics Indus. v County of Suffolk, supra,* at 774; *Matter of Massiello v Town Bd.,* 257 AD2d 962, 963; *Matter of Meditrust Fin. Servs. Corp. v New York Crime Victims Bd.,* 226 AD2d 881, 882).

Here, Freemantle has alleged that "[t]he diminution of [Parkland's] call volume by spreading existing call volume among additional providers will have an adverse impact on the services [Parkland] provides for citizens of Rensselaer County" and, further, that the issuance of an amended ambulance service certificate without undertaking a public need inquiry "is injurious to the delivery of ambulance service in Rensselaer County and damaging to the citizens of Rensselaer County by ultimately undermining the availability of ambulances within Rensselaer County". Such conclusory allegations, which are devoid of any particularized harm, are insufficient to show that Freemantle has suffered an injury different in kind or degree from that suffered by the public at large (*see, e.g., Matter of Schulz v Warren County Bd. of Supervisors,* 206 AD2d 672, 674, *lv denied* 85 NY2d 805; *Matter of Hoston v New York State Dept. of Health, supra,* at 828). Accordingly, Freemantle has failed to demonstrate that he possesses standing to maintain this proceeding and respondents' respective motions to dismiss the petition in its entirety should have been granted. Petitioners' remaining contentions on the issue of standing have been examined and found to be lacking in merit. In light of this conclusion, we need not address the remaining arguments raised by respondents on appeal.

Mikoll, J. P., Mercure, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.