OPINION OF THE COURT
Joseph G. Makowski, J.
This CPLR article 78 proceeding seeks to vacate and annul a decision of the Graduate Medical and Dental Education Consortium of Buffalo (GMD) to close the Otolaryngology Residency Training Program (ORTP). Petitioner is a physician involved in the operation of the ORTP. The GMD is an organi *460 zation of educational and health provider organizations which approves medical and dental residency programs (at area medical and dental provider facilities) for the State University of New York at Buffalo Medical School. Respondents seek dismissal of this petition on a variety of grounds.
The threshold issue which must be addressed by this court is whether petitioner’s special proceeding is against a “body” or “officer” and may be maintained as an article 78 proceeding.
Article 78 review has generally been limited to governmental and corporate actions (6 NY Jur 2d, Article 78 § 229), and is generally not available to unincorporated associates or partnerships (id. § 248). It has been expanded to include institutions which have been chartered by the state. (See 14 Weinstein-Korn-Miller, NY Civ Prac § 7801.01, and Gray v Canisius Coll. of Buffalo, 76 AD2d 30.) Whether an unincorporated association whose membership is comprised of chartered educational and health provider organizations pursuing a “public” purpose is subject to an article 78 proceeding appears, to be an issue of first impression.
Each of the member organizations would clearly be individually subject to an article 78 proceeding as a chartered educational institution or hospital. The position advocated by the respondents would enable organizations subject to this type of review to escape its reach by simply acting in concert. In short, what each could not avoid separately could be avoided by the simple expedient of joint action in the form of an unincorporated association. The guidelines for the construction and interpretation of statutes provide that a court shall construe a statute to avoid unreasonable or absurd interpretations of the law. (McKinney’s Cons Laws of NY, Book 1, Statutes §§ 143, 145.) This court declines to adopt such a logical anomaly and holds that an organization pursuing a public purpose, whose individual members are subject to article 78, will itself be subject to article 78.
The next issue raised by the respondents is whether the petitioner has standing to commence this proceeding. Respondents assert that petitioner is insufficiently affected by the action of the Consortium (GMD). The petitioner is the Chief of the Pediatric ENT Division of Pediatric Surgical Services and is a full professor of Otolaryngology and Pediatrics at the University at Buffalo Medical School. Her duties include the supervision of resident trainees and resident research projects. The elimination of the residency program has a direct impact on the educational and medical areas for which petitioner has significant responsibilities.
*461 New York courts have consistently taken a liberal view of standing to bring an article 78 proceeding. (14 Weinstein-KornMiller, NY Civ Prac § 7802.04; Matter of LaSalle Ambulance v New York State Dept. of Health, 245 AD2d 724; Matter of Fritz v Huntington Hosp., 39 NY2d 339.) Under the admitted facts herein, applying the standard of review detailed above, petitioner clearly has standing to commence this proceeding.
Respondents have additionally challenged this petition on the ground that the Consortium was not named as a party. The court notes that section 13 of the General Associations Law provides that actions against unincorporated associations may be brought against the president or treasurer of the association. The Chief Executive Officer of the Consortium was named as a respondent. Black’s Law Dictionary (6th ed) defines the term “president” as “a chief officer” (at 1185). The office of chief executive officer clearly satisfies the statutory intent when it refers to naming the “president.”
Next, respondents challenge this petition by claiming that petitioner failed to exhaust available administrative remedies in the bylaws of the State University at Buffalo Faculty Senate. The primary focus here is the action of the Consortium, not the action of the Faculty Senate, which represents at best only one of the members of the Consortium. An internal review process available to challenge decision making within one of the constituent members cannot be extrapolated into a review mechanism available to decisions of the Consortium as a whole body. The court, therefore, has found no sufficient basis to dismiss this application for failure to exhaust administrative remedies.
Finally, respondents have noted that the petitioner has filed a complaint with the Equal Employment Opportunity Commission (EEOC), and see this as an action “at law” which should preclude this article 78 proceeding. The filing of a complaint with the EEOC is an administrative proceeding unless it later is taken to federal court. Since this EEOC complaint is not now part of a federal court action, there is no exclusion of a properly commenced article 78 proceeding.
For the reasons set forth above, the respondents’ motions to dismiss this petition are denied. Respondents are directed to answer the petition within the period prescribed by law.