■ In the Matter of C.L.B. CHECK CASHING, INC., Appellant, v ELIZABETH MCCAUL, as Superintendent of Banks of the State of New York, et al., Respondents. [774 NYS2d 712]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Banking Department, the petitioner appeals from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), dated August 12, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The Supreme Court properly determined that the petitioner, a check cashing business, lacked standing to challenge the issuance of a license to the respondent Coqui Check Cashing Corp. (hereinafter Coqui), its competitor. Competitive injury, in and of itself, does not confer standing upon a petitioner unless such injury falls within the zone of interest of the controlling statute (*see Matter of Dairylea Coop. v Walkley,* 38 NY2d 6, 9-12 [1975]; *Troy Ambulance Serv. v New York State Dept. of Health,* 260 AD2d 715, 716 [1999]; *Matter of Subway Check Cashing Serv. v Considine,* 158 AD2d 406 [1990]; *New York Hearing Aid Socy. v Children's Hosp. & Rehabilitation Ctr. of Utica,* 91 AD2d 333,

334 [1983]; *Matter of Our Lady of Good Counsel R.C. Church & School v Ball,* 45 AD2d 66, 70, [1974], *affd* 38 NY2d 780 [1975]; *Nostrand Check Cashing Co. v Clark,* 27 Misc 2d 799, 800 [1960], *affd* 13 AD2d 922 [1961]). Under Banking Law § 369, no license shall be issued to an applicant for a location which is "closer than one thousand five hundred eighty-four feet (three-tenths of a mile) from an existing licensee." Since the petitioner is located more than three tenths of a mile from the proposed location of Coqui, its alleged injury did not fall within the zone of interest of the statute. Furthermore, there is a rational basis for the determination of the New York State Banking Department that the issuance of a license to Coqui to permit the cashing of checks, would "promote the convenience and advantage of the area" (*see* Banking Law § 369).

The petitioner's remaining contentions are without merit. S. Miller, J.P., Luciano, Adams and Townes, JJ., concur.