■ In the Matter of DORSETT-FELICELLI, INC., Doing Business as PYRAMIDS, Appellant, v COUNTY OF CLINTON et al., Respondents. [796 NYS2d 186]—

Kane, J. Appeal from a judgment of the Supreme Court (McGill, J.), entered November 3, 2004 in Clinton County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition.

Petitioner provides early intervention and preschool services

to qualified children with developmental delays and disabilities. Since 1994, respondent County of Clinton has contracted with petitioner to provide such services to children referred to it by respondent Clinton County Department of Public Health. In January 2004, three of petitioner's employees resigned, formed their own early intervention and preschool services company and contracted with the County to provide services to referred children. Petitioner was subsequently notified that the caseload of the former employees was being transferred to the new company at the request of the children's parents. Thereafter, petitioner commenced this CPLR article 78 proceeding alleging that respondents had colluded with petitioner's former employees to deprive it of business in retaliation for complaints that petitioner had made to the County. Petitioner sought, among other things, an order compelling the Department of Public Health to provide petitioner with the right of first refusal of all future referrals. Supreme Court dismissed the petition, finding that petitioner lacked standing to commence this proceeding. Petitioner now appeals.

"Competitive injury, in and of itself, does not confer standing upon a petitioner unless such injury falls within the zone of interest of the controlling statute" (*Matter of C.L.B. Check Cashing v McCaul*, 5 AD3d 593, 593 [2004] [citations omitted]; *see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]). In the instant case, the statutes and regulations related to the authorization and implementation of the state's early intervention and preschool services programs neither address nor protect the interests of service providers such as petitioner but, rather, those of the affected children and their families (*see e.g.* Public Health Law art 25, tit II-A; Education Law § 4410; 10 NYCRR part 69-4). Since petitioner primarily seeks to protect its own financial interest, which is not an interest protected by the applicable statutes and regulations, the petition was properly dismissed (*see Matter of C.L.B. Check Cashing v McCaul, supra* at 593-594; *Matter of Troy Ambulance Serv. v New York State Dept. of Health*, 260 AD2d 715, 716 [1999]; *Matter of Lasalle Ambulance v New York State Dept. of Health*, 245 AD2d 724, 725, [1997], *lv denied* 91 NY2d 810 [1998]).

Cardona, P.J., Mercure, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.