In the Matter of PATRICIA FRIEDMAN et al., Appellants, v TOWN CLERK OF TOWN OF HEMPSTEAD et al., Respondents. (Proceeding No. 1.) In the Matter of PATRICIA FRIEDMAN et al., Appellants, v TOWN CLERK OF TOWN OF HEMPSTEAD et al., Respondents. (Proceeding No. 2.) [879 NYS2d 156]—

In related proceedings pursuant to CPLR article 78 to review a determination of the Town Clerk of the Town of Hempstead dated May 8, 2007, which granted the application of Taxi La Paz, Inc., for six taxicab licenses and to review a determination of the Town Clerk of the Town of Hempstead, also dated May 8, 2007, which granted the application of New York Taxi, Inc., for six taxicab licenses, (1) the petitioners in proceeding No. 1 appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Brandveen, J.), dated March 20, 2008, which granted that branch of the motion of Taxi La Paz, Inc., in which the Town Clerk of the Town of Hempstead and the Town of Hempstead joined, which was to dismiss the petition in that proceeding pursuant to CPLR 3211 (a) (3) and 7804 (f) based upon the petitioners' lack of standing, and dismissed that proceeding, and (2) the petitioners in proceeding No. 2 appeal from an order and judgment (one paper) of the same court dated March 25, 2008, which granted that branch of the motion of New York Taxi, Inc., in which the Town Clerk of the Town of Hempstead and the Town of Hempstead joined, which was to dismiss the petition in that proceeding pursuant to CPLR 3211

(a) (3) and 7804 (f) based upon the petitioners' lack of standing, and dismissed that proceeding.

Ordered that the orders and judgments are affirmed, with one bill of costs.

The petitioners are a private citizen and several existing taxicab corporations in the Town of Hempstead who challenged, in two separate CPLR article 78 proceedings, the determinations of the Town Clerk of the Town of Hempstead (hereinafter the Town Clerk) to issue several taxicab licenses to Taxi La Paz, Inc., and New York Taxi, Inc., respectively. The Supreme Court granted those branches of the motions of Taxi La Paz, Inc., in proceeding No. 1 and New York Taxi, Inc., in proceeding No. 2, joined in by the Town Clerk and the Town, which were to dismiss the petitions in both of those proceedings on the ground that the petitioners lacked standing, and consequently dismissed both proceedings. We affirm.

In order to establish standing, the petitioners must show that they would suffer direct injury different from that suffered by the public at large and that the injury asserted falls within the zone of interests or concerns sought to be promoted by the provision at issue (*see Matter of Graziano v County of Albany,* 3 NY3d 475, 479 [2004]). The petitioner Patricia Friedman, a private citizen, lacked standing because she failed to demonstrate that she would suffer a direct harm from the Town Clerk's determinations to issue the challenged taxicab licenses. The record further establishes that the remaining petitioners failed to sufficiently demonstrate that they "sustained special damage, different in kind and degree from the community generally" as a result of the determinations (*Matter of Rockland Hospitality Assoc. v Paris,* 302 AD2d 597, 598 [2003]). The only potential injury suggested in the record is an increase in business competition, which, considered alone, is insufficient to confer standing (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 415 [1987]; *see also Matter of C.L.B. Check Cashing v McCaul,* 5 AD3d 593 [2004]). Moreover, the petitioners failed to establish that the determinations in question caused them an injury within the zone of interests protected by the Town ordinance at issue, which articulates the requirements for issuing taxicab licenses (*see Matter of C.L.B. Check Cashing v McCaul,* 5 AD3d 593 [2004]; *see also Matter of Kemp v Zoning Bd. of Appeals of Vil. of Wappingers Falls,* 216 AD2d 466 [1995]). Absent demonstration of some injury other than potential economic harm caused by increased business competition, the petitioners lacked standing to challenge the determinations, and the proceedings

were properly dismissed. Mastro, J.P., Covello, Balkin and Austin, JJ., concur.