OPINION OF THE COURT
Raymond J. Elliott, III, J.
Petitioners filed an amended petition pursuant to CPLR article 78 which sought a judgment cancelling and annulling the registration and the certificate of registration issued by the Commissioner of the Department of Motor Vehicles (DMV) to Tesla Motors New York LLC (Tesla-NY) to register and operate as a retail motor vehicle dealer in the State of New York at 125 Westchester Avenue, White Plains, New York and at 630 Old Country Road, Garden City, New York. Alternatively, the petitioners request that the DMV conduct necessary hearings in order to revoke and cancel the previously issued registrations. The respondents move to dismiss the amended petition on the grounds the petitioners lack standing, failed to state a cause of action as the determination of the DMV was not arbitrary and capricious and the petition was untimely pursuant to CPLR 3211 (a) (3), (5) and (7) and 7804 (f). On December 21, 2012, the New York State Automobile Dealers Association (NYSADA) moved to intervene as a party in this proceeding. Petitioners *877 consented to NYSADA’s application to intervene. Respondents oppose the motion to intervene.
Respondent, Tesla Motors, Inc., is a California company that designs, develops, manufacturers and distributes electric vehicles. Tesla vehicles are sold in galleries and shopping mall locations, and Tesla does not maintain an inventory of vehicles. In order to purchase a Tesla vehicle, consumers must place a reservation for a vehicle which is later manufactured to their specifications. Tesla does not operate a dealership with cars on the lot.
Respondent, Tesla Motors New York LLC, opened a store in New York City in 2009. Tesla-NY applied and received a license to operate as a new retail motor vehicle dealer in Manhattan. In June 2010, the petitioner, Greater New York Automobile Dealers Association (GNYADA), commenced a CPLR article 78 proceeding challenging the DMV’s issuance of a dealer registration to Tesla-NY in violation of article 16 of the Vehicle and Traffic Law. On May 3, 2011, Supreme Court (O’Connor, J.) determined the article 78 proceeding was untimely and dismissed the petition in its entirety.
In April 2012, Tesla-NY filed two applications with DMV to operate two additional stores in White Plains and Garden City, New York. In the applications for a new retail motor vehicle dealer registration, Tesla-NY certified that it was acting as a dealer and not as a “franchisor” pursuant to the Franchised Motor Vehicle Dealer Act (see Vehicle and Traffic Law § 415 [7] [f]). Tesla-NY manages Tesla’s stores in New York. Tesla maintains it does not have any dealers or retailers in New York besides Tesla-NY. On June 21, 2012, DMV granted the application of Tesla-NY to register a White Plains facility as a retail motor vehicle dealer. On September 12, 2012, DMV granted the application of Tesla-NY to register a Garden City facility as a retail motor vehicle dealer.
On December 7, 2012, petitioners, GNYADA and Brian Miller, who owns automobile dealerships in Manhattan, Westchester County and Suffolk County, filed this CPLR article 78 proceeding challenging the issuance of new retail motor vehicle dealer registrations to Tesla-NY for the White Plains and Garden City locations.
Petitioners claim Tesla-NY is a wholly owned subsidiary of Tesla and Tesla is the manufacturer of automobiles under the Tesla trademark. Petitioners allege Tesla-NY is a retail new vehicle dealership that sells Tesla automobiles manufactured by *878 Tesla. Petitioners contend Tesla-NY is a franchisee of Tesla. Petitioners claim Tesla’s equity ownership interest in Tesla-NY is unlawful as the ownership contravenes the provisions of Vehicle and Traffic Law § 463 (2) (bb). Petitioners allege DMV is in violation of Vehicle and Traffic Law § 415 (7) (f) as it knowingly issued a certificate of registration to Tesla-NY as a franchisor. Petitioners claim the purpose of enacting Vehicle and Traffic Law § 415 (7) (f) was “to prevent the opening of ‘factory stores’ owned by a franchisor.” Petitioners maintain DMV has acted beyond and contrary to its authority in granting the registration certificates to Tesla-NY and in violation of Vehicle and Traffic Law §§ 463 (2) (u) and (bb) and 415 (7) (f). Petitioners claim the actions of the DMV were arbitrary, capricious, and contrary to the authority granted to them under the Vehicle and Traffic Law and must be vacated and nullified.
In support of the amended petition, petitioners allege they only seek relief against DMV Petitioners allege Tesla and Tesla-NY are in violation of the Franchised Dealer Act as Tesla is a “franchisor.” Respondents claim Tesla is “a party to a franchise with a franchised motor vehicle dealer” with Tesla-NY. Petitioners contend the issuance of the two new registrations subjects the respondents to a new and timely article 78 proceeding based upon the two new locations of the dealerships. Petitioners contend the Tesla respondents are in violation of Vehicle and Traffic Law §§ 415 (7) (f) and 463 (2) (bb) which precludes a franchisor owning an interest in a franchise. Petitioners allege Tesla is circumventing “the prohibitions against factory-owned stores by creating ‘franchises’ that are owned by the manufacturer.” Petitioner GNYADA alleges its members will suffer competitive economic injury if they must compete in the marketplace against factory-owned stores. GNYADA also claims the economic injury its members stand to suffer falls within the zone of interest protected by the Franchised Dealer Act. Petitioners maintain DMV must take the necessary steps to enforce compliance with the law and find that Tesla, as the manufacturer, must sell its vehicles through independently owned dealerships. Petitioners claim it is improper for DMV to grant dealer registrations to Tesla-NY dealerships as they are factory owned. Petitioners allege Tesla’s ownership of Tesla-NY is unlawful and in violation of the Franchised Dealer Act.
The Tesla respondents allege the Franchised Dealer Act was enacted to regulate the relationship between a dealer and an af *879 filiated car company (manufacturer) in a franchise relationship. Tesla maintains the Franchised Dealer Act allows an aggrieved franchised motor vehicle dealer to commence an action against the franchisor (see Vehicle and Traffic Law § 469 [1]). Tesla contends article 17-A of the Vehicle and Traffic Law only allows for lawsuits to enforce the provisions of the statute against a car company that has taken actions that affect its own franchised dealers. Tesla alleges the petitioners do not have standing to commence this action. Tesla contends the petitioners may not enforce the statute against a car company with which it has never had a franchise agreement. Tesla alleges the GNYADA is comprised of “franchised motor vehicle dealers” pursuant to the Franchised Dealer Act, but they only have franchises with other car companies and not with Tesla. Tesla claims the Franchised Dealer Act does not pertain to actions against competitive dealers who sell vehicles made by different manufacturers. Tesla alleges the Franchised Dealer Act regulates the relationship between dealers and manufacturers in a franchise relationship but does not regulate competition with unaffiliated dealers. Tesla maintains DMV correctly determined that it was a motor vehicle dealer and not a franchisor.
The New York State DMV alleges this proceeding is precluded by the doctrine of res judicata. DMV maintains in 2010 GNYADA commenced an article 78 proceeding and raised the same claims between the same parties seeking the same equitable relief in relation to the registration certificate granted to a Manhattan Tesla-NY dealer in 2009. DMV alleges Supreme Court (O’Connor, J.) issued a decision/order and judgment which dismissed the proceeding as time-barred. DMV claims the only difference in this proceeding is a challenge to the two registration certifications it granted to the White Plains and Garden City Tesla-NY dealers.
DMV alleges the petitioners do not possess any express private right of action. DMV maintains in order to provide a basis for a claim of injury based upon a failure to comply with provisions of a statute, the law itself must authorize a private right of action (Pelaez v Seide, 2 NY3d 186 [2004]). DMV contends since Tesla-NY is a dealer and not a “franchisor,” the Vehicle and Traffic Law is not applicable to this situation. DMV alleges Vehicle and Traffic Law §§ 415 and 463 make no provision for a private suit by the petitioners against DMV based upon a breach of a statutory duty. DMV contends the petitioners have no basis to claim that they are members of a class for whose particular *880 benefit Vehicle and Traffic Law § 415 was enacted. DMV maintains Vehicle and Traffic Law § 415 was designed to govern the relations between franchisors and franchisees, not franchisors and all of the competing automobile dealers throughout New York State. DMV also claims Vehicle and Traffic Law § 463 (2) (cc) (1) limits standing to “existing franchise motor vehicle dealer[s] of the same line make.” DMV contends the petitioners seek article 78 relief in mandamus to compel it to revoke the issued registrations. DMV alleges the petitioners are not entitled to mandamus relief, and they cannot demonstrate any clear right to the relief sought. DMV maintains the Franchised Dealer Act was enacted to provide protections to motor vehicle dealers operating under franchise agreements with manufacturers.
Initially, the court will address petitioners’ application for a default judgment. Petitioners maintain the Tesla respondents’ motion papers were not timely served pursuant to CPLR 2214 (b) and 7804 (f). Petitioners contend Tesla’s motion to dismiss was returnable December 14, 2012. Petitioners claim the Tesla respondents did not mail their moving papers until December 7, 2012, seven days before the motion was to be heard. Petitioners contend CPLR 2214 (b) requires service at least eight days before the motion is noticed to be heard. Petitioners also claim DMV’s notice of motion was untimely as it was not mailed until December 10, 2012. Petitioners request the court to reject the motions of the respondents as untimely.
Respondents allege their motion was timely as CPLR 7804 (f) provides that a motion to dismiss may be made “within the time allowed for answer.” The time to answer is “at least five days before such time” that the petition is noticed to be heard pursuant to CPLR 7804 (c).
The motions of the respondents were timely as they were mailed on December 7, 2012 and December 10, 2012, pursuant to CPLR 7804 (c) and (f). In addition, it is the preference of the courts that cases be decided on the merits rather than on default. (Matter of Posada v New York State Dept. of Health, 75 AD3d 880 [3d Dept 2010].)
In deciding the issue of standing, the court must first determine whether the individual party seeking relief sustained an injury. (Mahoney v Pataki, 98 NY2d 45 [2002].) Standing is a threshold determination and the burden of establishing standing to raise a claim is on the party seeking review. (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761 [1991].) To establish standing in an action against a government body, the *881 petitioners must show that they will suffer an injury-in-fact that is distinct from that of the general public. (Matter of Transactive Corp. v New York State Dept. of Social Servs., 92 NY2d 579 [1998].) In addition, to have standing to commence an action, petitioners must demonstrate an actual legal stake in the outcome and an injury-in-fact worthy and capable of judicial resolution. (Mittelmark v County of Saratoga, 85 AD3d 1359 [3d Dept 2011]; Aiardo v Town of E. Greenbush, 64 AD3d 849 [3d Dept 2009].)
Under the well established test for associational and organizational standing set by the Court of Appeals, the petitioners “must show that at least one of its members would have standing to sue, that it is representative of the organizational purposes it asserts and that the case would not require the participation of individual members.” (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211 [2004]; Matter of Dental Socy. of State of N.Y. v Carey, 61 NY2d 330 [1984].) Pursuant to the first requirement of the associational standing test, a petitioner must demonstrate an injury-in-fact to one or more of its members and the injury falls “within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted.” (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d at 211; Society of Plastics Indus. v County of Suffolk, 77 NY2d at 773.)
The Franchised Dealer Act regulates the relationship between a car company (manufacturer) and its franchised dealers. In order to commence an action for a violation of article 17-A of the Vehicle and Traffic Law, there must be a franchise relationship between the franchisor and the franchisee. Manufacturers and dealers cannot utilize the Franchised Dealer Act as a means to sue their competitors. From the facts presented, Tesla has never had a franchise relationship with Brian Miller individually or with GNYADA. Neither petitioner has demonstrated that it sustained an injury when DMV issued the two registration certifications to Tesla-NY.
In order to sustain standing pursuant to the Franchised Dealer Act, the litigant must demonstrate that it is a franchised dealer with the same line-make manufacturer. (Tri-County Motors, Inc. v American Suzuki Motor Corp., 494 F Supp 2d 161 [ED NY 2007].) Petitioners do not have standing to pursue an action under the Franchised Dealer Act when there is no franchise relationship between the parties. In Lee Dodge, Inc. v Kia Motors Am., Inc. (2011 WL 3859914, *4, 2011 US Dist *882 LEXIS 97828, *12 [D NJ, Aug. 31, 2011, No. 10 5939 (JAP)]), the court concluded the plaintiff “was never a franchise under the Franchised Dealer Act and lacks standing to make claims under the Franchised Dealer Act.” In a very similar case, the Massachusetts State Automobile Dealers Association sought to enjoin Tesla Motors from operating its store in Massachusetts. The court denied the Automobile Dealers Association standing as they were “not affiliated with Tesla.” (Massachusetts State Auto. Dealers Assn., Inc. v Tesla Motors MA, Inc., Mass Super Ct, Nov. 16, 2012, Fishman, J, Civ No. 12-01691.)
The petitioners have failed to sufficiently demonstrate that they sustained “special damage,” different in kind and degree from the community in general. (Matter of Rockland Hospitality Assoc. v Paris, 302 AD2d 597, 598 [2d Dept 2003].) The petitioners have not shown they would suffer direct injury different from that suffered by the public at large and the injury asserted falls within the zone of interests to be protected by the statute or constitutional guarantee. (Matter of Graziano v County of Albany, 3 NY3d 475 [2004]; Matter of Dairylea Coop. v Walkley, 38 NY2d 6 [1975].) Nor has GNYADA demonstrated that any of its members would have individual standing. (Matter of Energy Assn. of N.Y. State v Public Serv. Commn. of State of N.Y., 273 AD2d 708 [2000].)
The only potential injury suggested in the record is an increase in business competition which, considered alone, is insufficient to confer standing. (Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406 [1987].) Petitioners cannot claim their injury falls within the “zone of interest” protected by the statute or by a constitutional guarantee. (Matter of Lasalle Ambulance v New York State Dept. of Health, 245 AD2d 724 [3d Dept 1997].) “Absent demonstration of some injury other than potential economic harm caused by increased business competition, the petitioners lacked standing to challenge the determinations, and the proceedings were properly dismissed.” (Matter of Friedman v Town Clerk of Town of Hempstead, 62 AD3d 699, 700-701 [2d Dept 2009].) From the facts presented, the petitioners do not have standing to commence this proceeding alleging violations of the Franchised Dealer Act. (Matter of New York State Psychiatric Assn., Inc. v Mills, 29 AD3d 1058 [3d Dept 2006], lv denied 7 NY3d 708 [2006].)
*883 Accordingly, the motions to dismiss the instant article 78 petition are hereby granted and the amended petition is hereby dismissed. The motion to intervene by NYSADA is denied.