■ In the Matter of GYM DOOR REPAIRS, INC., et al., Appellants, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents. [977 NYS2d 478]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lynch, J.), entered May 9, 2012 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

In 2001, the Legislature enacted Education Law § 409-f, requiring schools within the state to equip electronically operated partitions with safety devices (L 2001, ch 217). Petitioners manufacture, install and maintain such safety devices and have installed about 4,000 statewide. In 2011, petitioners commenced this CPLR article 78 proceeding alleging, among other things, that respondents failed to follow Education Law § 409-f as well as the pertinent regulation (see 8 NYCRR 155.25) and seeking, among other things, an order compelling respondents to comply with the statute and regulation. Respondents moved to dismiss the petition on the ground that petitioners lacked standing. After oral argument, Supreme Court granted respondents' motion in a well-reasoned written decision. Petitioners appeal and we now affirm.

The two-part test for the threshold legal requirement of standing to challenge governmental action requires, first, an injury-in-fact and, second, that the injury "fall[s] within the zone of interests or concerns sought to be promoted or protected by the statutory provision" (*New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d 207, 211 [2004]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-773 [1991]; *Davis v New York State Dept. of Educ.*, 96 AD3d 1261, 1262 [2012]). Petitioners contend that they have been injured in that their employees might get hurt working on improperly maintained safety devices, they are potentially exposed to litigation if a device installed by them is not properly maintained by respondents and causes injury, and their insurance premiums have increased due to heightened exposure to liability. We agree with Supreme Court that petitioners are essentially asserting a general challenge to respondents' administration of the relevant statute and regulation (*see Matter of Associated Gen. Contrs. of Am., N.Y. State Ch. v Roberts*, 122 AD2d 406, 407 [1986]) and further that their asserted injuries are too speculative and conjectural to satisfy the injury-in-fact requirement (*see New York State Assn. of Nurse Anesthetists v Novello*, 2 NY3d at 211-213; *Matter of Brunswick Smart Growth, Inc. v Town of Brunswick*, 73 AD3d 1267, 1268-1269 [2010]; *Matter of Village of Canajoharie v Planning Bd. of Town of Florida*, 63 AD3d 1498, 1501-1502 [2009]).

Even if a sufficient injury-in-fact was asserted, petitioners also failed to show that they are within the zone of interests sought to be protected by the statute and regulation. Enacted after the tragic death of a young student crushed by a school partition (*see* Letter in Support by Assemblyman Martin A. Luster, June 29, 2000, Bill Jacket, L 2001, ch 217 at 3), the purpose of the law was to protect primarily students (*see* Budget Report on Bills, Bill Jacket, L 2001, ch 217 at 6; *see also* Education Law § 409-f [statute applicable whenever "classrooms or other facilities *used by students* are found to have electrically operated partitions"] [emphasis added]) and not individuals paid to work specifically on the safety devices. Nor have petitioners otherwise established this second element of standing (*see Matter of Dorsett-Felicelli, Inc. v County of Clinton*, 18 AD3d 1064, 1065 [2005], *lv denied* 5 NY3d 716 [2005]; *Matter of New York Propane Gas Assn. v New York State Dept. of State*, 17 AD3d 915, 918 [2005]).

The remaining arguments, to the extent not academic, are unavailing.

Rose, J.P., Stein and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.