Order, Supreme Court, New York County (Louis B. York, J.), entered June 4, 2012, which, to the extent appealed from as limited by the briefs, granted defendants-respondents’ cross motion to dismiss the complaint as against them, unanimously reversed, on the law, and the motion denied. Appeal from order, same court and Justice, entered June 12, 2013, which, upon renewal, adhered to the original determination, unanimously dismissed, without costs, as academic.
Supreme Court should not have dismissed plaintiff attorney’s claim against defendants-respondents asserting breach of a charging lien under former Judiciary Law § 475 (amended by L 2012, ch 478, § 1). Contrary to the court’s conclusion, plaintiffs filing of a charge before the Equal Employment Opportunity Commission (EEOC) in 2007 on behalf of her client and against defendants-respondents constituted the commencement of a “proceeding” before a “federal department” within the meaning of former section 475. Indeed, a charging lien under that section has been deemed to attach to similar proceedings before another federal agency (see Barnes v Printron, Inc., 2003 WL 124520, *1-2, 2003 US Dist LEXIS 492, *2, *5 [SD NY, Jan. 15, 2003, No. 93-Civ-5085 (JFK)] [federal securities arbitration proceeding before the National Association of Securities Dealers]), and the filing of a charge with the EEOC has been deemed to be a commencement of an administrative proceeding (see Brodsky v Friedlander, 191 Misc 2d 459, 461 [Sup Ct, Erie County 2002]; American Ctr. for Intl. Labor Solidarity v Federal Ins. Co., 548 F3d 1103, 1104-1106 [DC Cir 2008]).
Based on the foregoing determination, we need not reach the issue of whether the 2012 amendment to section 475 applied retroactively.
We have considered defendants’ remaining contentions and find them unavailing.
Concur — Tom, J.E, Friedman, Sweeny, Saxe and Freedman, JJ.