Matter of Ambulnz NY 2, LLC v New York State Emergency Med. Servs. Council
2026 NY Slip Op 03710
June 11, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Ambulnz NY 2, LLC, et al., Appellants,
v
New York State Emergency Medical Services Council et al., Respondents.

Decided and Entered:June 11, 2026
CV-24-1923
Calendar Date: April 22, 2026
Before: Aarons, J.P., Reynolds Fitzgerald, Powers, Corcoran And Ryba, JJ.

Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for appellants.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for New York State Emergency Medical Services Council, respondent.
Yankwitt LLP, White Plains (Cassandra M. Vogel of counsel), for Ossining Volunteer Ambulance Corps, Inc. and another, respondents.

[*1]
Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (David Gandin, J.), entered October 30, 2024 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent State Emergency Medical Services Council approving applications of respondents Ossining Volunteer Ambulance Corps, Inc. and Scarsdale Volunteer Ambulance Corps., Inc. for ambulance service operating certificates for Westchester County.
Under article 30 of the Public Health Law, ambulance services may operate only if they possess a certificate issued by the Department of Health (hereinafter DOH) verifying that there is a public need for their services (see Public Health Law § 3005 [1], [6]). Once DOH issues the ambulance service operating certificate, also known as a certificate of need, the ambulance service is only permitted to receive patients within the primary territory identified on the certificate of need, with limited exceptions (see Public Health Law § 3010 [1]). As pertinent here, one such exception applies where the ambulance service enters into mutual aid agreements with other ambulance services, approved by the appropriate Regional Emergency Medical Services Council, to provide backup services and support for each other (see Public Health Law §§ 3001 [20]; 3010 [1]). An ambulance service that has a certificate of need also may apply to the regional council to expand its primary territory based on a showing of public need (see Public Health Law §§ 3005 [6]; 3008 [1]). "Public need" is not statutorily defined; however, DOH has published guidance, known as Policy Statement 06-06, describing the application and determination process for certificates of need, which defines public need as "the demonstrated absence, reduced availability or an inadequate level of care in ambulance or emergency medical service available to a geographical area which is not readily correctable through the reallocation or improvement of existing resources" (New York State Department of Health, Bureau of Emergency Medical Services, Policy Statement No. 06-06 at 29 [May 26, 2006]).
In 2022, respondents Ossining Volunteer Ambulance Corps., Inc. and Scarsdale Volunteer Ambulance Corps, Inc. (hereinafter collectively referred to as the applicants), two ambulance service providers with existing certificates of need for limited areas within Westchester County, applied to expand their primary operating territories to the entire county. The applicants submitted separate but substantially similar applications, and a public hearing on each application was heard on the same day and before the same Hearing Officer of the Westchester Regional Emergency Medical Services Council (hereinafter WREMSCO). At the request of the speakers supporting or opposing the applications, the Hearing Officer considered their comments with respect to each application and thereafter issued separate reports and recommendations to WREMSCO recommending that the applications [*2]be granted. WREMSCO thereafter granted the applications. Petitioners, four county-wide ambulance operators and a professional trade association representing ambulance operators, appealed to respondent State Emergency Medical Services Council (hereinafter SEMSCO), a division of DOH, (see Public Health Law § 3002 [1]), as "concerned part[ies]" (Public Health Law § 3008 [5]). An Administrative Law Judge recommended that SEMSCO affirm WREMSCO's determinations, and SEMSCO agreed. Petitioners thereafter commenced this CPLR article 78 proceeding seeking to annul SEMSCO's determinations, and Supreme Court dismissed the petition on standing grounds and, alternatively, on the merits, concluding that petitioners failed to demonstrate that the determinations were arbitrary and capricious or affected by an error of law.
Assuming, without deciding, that petitioners have standing to commence this proceeding, not as competitors of the applicants (see generally Matter of Parkland Ambulance Serv. v New York State Dept. of Health, 261 AD2d 770, 772 [3d Dept 1999], lv denied 93 NY2d 818 [1999]; Matter of Troy Ambulance Serv. v New York State Dept. of Health, 260 AD2d 715, 716 [3d Dept 1999]; Matter of Lasalle Ambulance v New York State Dept. of Health, 245 AD2d 724, 725 [3d Dept 1997], lv denied 91 NY2d 810 [1998]), but instead as "concerned part[ies]" whose administrative appeals were denied by SEMSCO (Public Health Law § 3008 [5]; see Public Health Law § 3002 [3]), we nevertheless affirm. We agree with Supreme Court that SEMSCO's determinations were neither arbitrary, capricious nor affected by an error of law.
SEMSCO is charged with making the final determination on public need (see Public Health Law § 3002 [3]; Matter of Tri-State Ambulance Serv. v State of N.Y. Dept. of Health, 114 AD2d 546, 548 [3d Dept 1985]), and judicial review of such a determination "is limited to 'whether [it] was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (Matter of North Shore Ambulance & Oxygen Serv. Inc. v New York State Emergency Med. Servs. Council, 200 AD3d 1527, 1529 [3d Dept 2021], quoting CPLR 7803 [3]). "An agency's action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts" (Matter of Richmond Children's Ctr., Inc. v Delaney, 233 AD3d 1328, 1330 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of John E. Andrus Mem., Inc. v Commissioner of Health of the N.Y. State Dept. of Health, 225 AD3d 959, 661 [3d Dept 2024]). However, a determination that is supported by a rational basis must be sustained even if a different result would not have been unreasonable (see Matter of Peckham v Calogero, 12 NY3d 424, 431 [2009]; Matter of Tri-State Ambulance Serv. v State of N.Y. Dept. of Health, 114 AD2d at 548).
SEMSCO's determinations are amply supported by the record and are not irrational. Initially, we note that the reports and [*3]recommendations prepared for WREMSCO and SEMSCO recommending that the applications be granted were expressly based on only the evidence of public need for increasing ambulance services in Westchester County, not the evidence regarding the need for paramedicine. Relatedly, contrary to petitioners' suggestion, the applicants' submissions to WREMSCO were not based solely on paramedicine, but also highlighted the need for increased ambulance service (see Public Health Law § 3005 [6]). To that end, the applicants each explained that a significant percentage of their call volume during the previous full year was mutual aid requests from other ambulance providers serving locations in Westchester County outside of the applicants' primary operating territories. In contrast, the applicants rarely requested mutual aid from other service providers themselves. Representatives from the applicants testified that mutual aid requests were on track to increase during the current year. Notably, Policy Statement 06-06 includes various considerations illustrative of public need that applicants are directed to address, including whether mutual aid agreements are "necessary for adequate coverage of this particular area" (New York State Department of Health, Bureau of Emergency Medical Services, Policy Statement No. 06-06 at 20 [May 26, 2006]). The record here makes apparent that mutual aid requests were necessary to meet the needs of Westchester County residents.
Additionally, the applicants emphasized that WREMSCO had recently acknowledged at a meeting that the county was facing an ambulance crisis, not only in terms of emergency response availability but also for routine transfers between medical facilities and hospital discharges, neither of which were reflected in the mutual aid requests statistics. Comments made at the public hearings from healthcare professionals and an Assemblymember from the community confirmed these concerns. The applicants also explained that they had been contacted by multiple healthcare organizations within the county to assist with nonemergency transports because no other ambulance services were available. The applicants also had been asked to be on standby for certain events, but were unable to provide this service due to the geographic limitations on their existing certificates of need. The record further shows that another service provider with a county-wide certificate of need recently had suspended its operations within the county and that Westchester County had recently sought supplemental countywide ambulance services through a request for proposals process. Testimony from the public hearings — including from those opposing the applications — acknowledged that the request for proposals, which resulted in one of petitioners committing to provide an additional 2.5 countywide ambulance units, was insufficient on its own to meet the communities' needs and did not include interfacility transports or hospital discharges. Further comments [*4]at the public hearings, including from the Assemblymember, emphasized community concern about excessive ambulance response times.
Given this evidence, we conclude that SEMSCO's determinations were not arbitrary and capricious (see Matter of North Shore Ambulance & Oxygen Serv. Inc. v New York State Emergency Med. Servs. Council, 200 AD3d at 1530-1531; see also Matter of Richmondville Volunteer Emergency Squad, Inc. v New York State Dept. of Health, 107 AD3d 1098, 1100 [3d Dept 2013], lv denied 22 NY3d 854 [2013]). We have considered petitioners' remaining contentions and reject them as without merit.
Aarons, J.P., Powers, Corcoran and Ryba, JJ., concur.
ORDERED that the judgment is affirmed, without costs.