■ In the Matter of SHIRLEY HABER et al., Appellants, v. BOARD OF ESTIMATE OF THE CITY OF NEW YORK, Respondent.— In a proceeding pursuant to article 78 of the CPLR to review and annul the adoption of an amendment to the Zoning Resolution of the City of New York by the Board of Estimate of the City of New York on September 21, 1967, petitioners appeal from a judgment of the Supreme Court, Kings County, entered March 27, 1968, which denied their application, granted respondent's cross motion to dismiss the petitions and confirmed the adoption of the amendment. Judgment affirmed, without costs. In our opinion, petitioners have failed to allege facts sufficient to demonstrate that they were parties aggrieved by the adoption of the subject

zoning amendment. Consequently they have no standing to maintain this proceeding. Treating this matter as an action for declaratory judgment, under CPLR 103 (subd. [c]), as did Special Term, we note the same objection. The standing required to maintain an action declaring a zoning ordinance to be invalid is based on the same criteria required to institute a proceeding under article 78 of the CPLR (*Blumberg* v. *City of Yonkers*, 21 A D 2d 886, affd. 15 N Y 2d 791). An allegation of specific, pecuniary damage is one of the requisite elements (*Brechner* v. *Incorporated Vil. of Lake Success*, 25 Misc 2d 920, affd. 14 A D 2d 567; see, also, *Stark* v. *Scudder*, 33 A D 2d 519). Ownership of land affected by the zoning change is another basic element establishing standing (*Point Lookout Civic Assn.* v. *Town of Hempstead*, 12 A D 2d 505, affd. 9 N. Y 2d 961). A homeowner whose land is near rather than within the area rezoned has standing to maintain an action for declaratory judgment if he demonstrates that his land is affected by the rezoning (*Buckley* v. *Fasbender*, 281 App. Div. 985; *Matter. of Village of Russell Gardens* v. *Board of Zoning & Appeals of Town of North Hempstead*, 30 Misc 2d 392). Petitioners do not fall within these parameters upon the record before us. The other points urged by petitioners have been considered and found to be without merit. Beldock, P. J., Christ, Munder and Kleinfeld, JJ., concur; Martuscello, J., not voting.