[757 NYS2d 399]

In the Matter of BRIGHTON RESIDENTS AGAINST VIOLENCE TO CHILDREN, INC., Respondent, v MW PROPERTIES, LLC, et al., Appellants, et al., Respondent. (Appeal No. 1.)

Fourth Department, March 21, 2003

---

**APPEARANCES OF COUNSEL**

*Lacy, Katzen, Ryen & Mittleman, LLP*, Rochester (*Richard Glen Curtis* of counsel), for MW Properties, LLC and another, appellants.

*Wolford & Leclair LLP*, Rochester (*Paul L. Leclair* of counsel), for Town of Brighton and others, appellants.

*Knauf Shaw LLP*, Rochester (*Alan J. Knauf* of counsel), for respondent.

*Roger K. Evans*, New York City, and *Rebekah Diller* for Planned Parenthood of the Rochester/Syracuse Region and another, amici curiae.

*William D. Mc Ginn*, Rochester, for Feminists for Life of New York, amicus curiae.

**OPINION OF THE COURT**

PIGOTT, JR., P.J.

The dispositive issue presented in this appeal is whether petitioner, Brighton Residents Against Violence to Children, Inc., has standing to bring this proceeding seeking to annul administrative approval of construction of a berm on property located in the Town of Brighton (Town). For the reasons that follow, we conclude that petitioner lacks standing, and thus we conclude that Supreme Court should have granted the motion of the Town of Brighton, the Zoning Board of Appeals of the Town of Brighton and the Planning Board of the Town of Brighton (respondents) to dismiss the petition on that ground.

The underlying facts are essentially undisputed. In September 1998 the developer of the subject property applied for site plan approval to demolish an existing structure and build a medical office. A berm was not included in the original application. After a public hearing on the application, respondent Town Planning Board (Planning Board) granted final site plan approval and issued a negative declaration pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8). On December 17, 1998, the Planning Board's determination was filed with the Town Clerk, and the medical office subsequently was built.

In April 1999 the owners of a day-care center adjacent to the subject property requested the construction of a berm because

they had observed abortion protesters outside the medical office. Respondent Morris Wortman, M.D., the physician who owned the property and whose practice was located there, agreed to construct the requested berm. Plans regarding the proposed berm were submitted to the Town Planner (Planner), who determined that construction of the berm was only a minor change to the site plan and that further permit approvals therefore were not required. The berm was thereafter constructed.

After receiving a letter of protest from a Town resident regarding the berm, the Planner informed her that the berm complied with all applicable Town regulations. Petitioner was incorporated on July 19, 1999 and, on July 28, 1999, petitioner appealed the Planner's determination to respondent Town Zoning Board of Appeals (ZBA). In upholding the Planner's determination, the ZBA concluded that the determination was reasonable and appropriate because the berm was not a significant modification of the site plan so as to require further approval.

Virtually simultaneously with its appeal to the ZBA, petitioner commenced an action in Supreme Court and thereafter served an amended complaint containing the following four causes of action: (1) the ZBA's decision was illegal, arbitrary and capricious; (2) the Planning Board arbitrarily and capriciously failed to reconsider its initial site plan approval and the negative SEQRA declaration based on fraud and/or mistake; (3) Dr. Wortman's use and occupancy of the premises should be enjoined because the berm was constructed in violation of Town regulations; and (4) Dr. Wortman's use and occupancy of the premises should be enjoined pursuant to Town Law § 268 (2), which allows town authorities to institute any appropriate proceeding to prevent the unlawful construction of a building or structure or the unlawful use of land.

On July 6, 2000, the parties entered into a "Stipulated Consent Order" that, inter alia, severed and converted the first two causes of action in the amended complaint into a CPLR article 78 proceeding and reserved to the parties their rights with respect to the third and fourth causes of action. Subsequently, petitioner served a notice of petition, and respondents answered and moved to dismiss the proceeding on several grounds, including petitioner's lack of standing.

In denying respondents' motion to dismiss the petition, the court concluded that petitioner has standing because it consists of "nearby residential owners, and nearby commercial tenants or owners. The closest member owner owns a plaza which

directly adjoins the subject parcel at the point where the [berm] is located." The court further wrote:

> "Many of the other petitioner's members, although not adjoining owners, are still close enough to the subject property that their safety, property and business values will be impacted and genuinely affected by the use made of the subject property.

> "Due to the proximity of the adjoining owner, the petitioner group shows 'direct known * * * injury that is somewhat different in kind and degree from that of the public at large' sufficient to constitute standing. * * * Also, the proximity of the other members, although not adjoining, meet standing requirements to challenge the Planning Board and [ZBA] determinations."

By its judgment (denominated order and judgment) entered November 13, 2001, the court denied respondents' motion, granted the petition, annulled the ZBA's decision and ordered removal of the berm. The court also annulled the Planning Board's determination and remitted the matter to the Planning Board to conduct a de novo review of the application for site plan approval. In addition, the court ordered the Town to enforce the restricted use of the property, thereby restricting Dr. Wortman from using the property as an abortion facility.

On appeal, respondents contend, inter alia, that the court erred in determining that petitioner has standing. We agree, and we therefore conclude that the court erred in denying respondents' motion to dismiss the petition.

It is well settled that a court may act only when the rights of the party requesting relief are affected (see *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772 [1991]). Thus, in deciding this standing issue, we must first determine whether petitioner, the party seeking relief, has sustained an injury (see *Mahoney v Pataki*, 98 NY2d 45, 52 [2002]; see also *Society of Plastics Indus.*, 77 NY2d at 772-773). "The existence of an injury in fact—an actual legal stake in the matter being adjudicated—ensures that the party seeking review has some concrete interest in prosecuting the action" (*Society of Plastics Indus.*, 77 NY2d at 772). Furthermore, because this is a land use matter, we must determine whether petitioner has shown that it would suffer an injury that is in some way different in kind or degree from that of the general public (see *id.* at 774).

To this essential principle of standing, courts have added another element, i.e., the requirement that the injury asserted

fall within the zone of interests protected by the statute invoked (see id. at 773). The zone of interests test ties the alleged in-fact injury to the governmental action challenged (see id.). As the Court of Appeals has written,

> "Simply stated, a party must show that the in-fact injury of which it complains (its aggrievement, or the adverse effect upon it) falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (id.).

Although an allegation of proximity alone may give rise to an inference of damage or injury that enables a nearby owner to challenge a zoning board decision without proof of actual injury (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 414 [1987]), the allegedly aggrieved party must also satisfy the other half of the test for standing by establishing that the interest asserted is arguably within the zone of interests to be protected by the statute (see id.).

Petitioner herein alleges several distinct injuries. First, petitioner alleges that the berm is a "locally undesirable land use" and, as such, has a negative aesthetic impact on adjacent landowners. Second, according to petitioner, the berm could collapse and harm adjacent landowners and/or persons on their property. Contrary to petitioner's contention, those alleged injuries do not provide petitioner with standing in this matter. Although petitioner refers to the "unsightly" nature of the berm and alleges that it lowers the property value of an adjacent plaza owned by certain members of petitioner corporation, petitioner offered no evidence to support that conclusory allegation. Moreover, petitioner's alleged "safety" injury also is conclusory and thus fails to provide a basis for standing. Nowhere in the record does petitioner establish how its members have suffered or will suffer an injury in fact as a result of the allegedly unsafe berm. Thus, petitioner's aesthetic and safety injuries are insufficient as a matter of law to provide petitioner with standing because it has not established that any of its members suffered any injury in fact, let alone an injury different from that of the general public (see Matter of Battenkill Assn. of Concerned Citizens v Town of Greenwich Planning Bd., 156 AD2d 863, 865-866 [1989]).

Third, petitioner alleges that the adjacent landowners and their customers are threatened by the potential violence

outside the "abortion clinic." Even assuming, arguendo, that the threat of potential violence may constitute an injury in fact sufficient to satisfy the first prong of our standing analysis, we conclude that petitioner failed to satisfy the "zone of interests" prong, i.e., petitioner failed to tie the in-fact injury to the governmental action challenged. Clearly, stemming the threat of violence arising from abortion protests does not fall within the legitimate objectives of local zoning and land use laws in this state. That conclusion is buttressed by case law holding that zoning boards may not take action for the purpose of preventing riots, picketing or other potential harms associated with protests because such a purpose is alien to the use of the land itself (*see De Sena v Gulde,* 24 AD2d 165, 171 [1965]; *see also Long Is. Gynecological Servs. v 1103 Stewart Ave. Assoc. Ltd. Partnership,* 224 AD2d 591, 595 [1996]). Furthermore, the State has preempted the subject of abortion legislation, thereby prohibiting local authorities from such regulation (*see Robin v Incorporated Vil. of Hempstead,* 30 NY2d 347, 350 [1972]). Thus, any alleged injury due to abortion protests and the concomitant threat of violence cannot be said to encroach upon the valid interests underlying local zoning and land use ordinances. Simply stated, opposition to abortion cannot serve as a lawful basis for challenging zoning decisions (*see Planned Parenthood of N. New England v City of Manchester, N.H.,* 2001 WL 531537, *2, 2001 US Dist LEXIS 6379, *7 [D NH, Apr. 27, 2001]).

Petitioner contended, and the court agreed, that its members are presumptively aggrieved because of their proximity to the berm. The status of neighbor, however, does not automatically provide the "admission ticket" to judicial review (*Sun-Brite Car Wash,* 69 NY2d at 414). Petitioner's alleged interest to "preserve and protect the environment and neighborhoods from development activity that threatens children, born and unborn" is belied by the fact that the owners of the adjacent day-care center actually requested construction of the berm, and the clients of the day-care center have overwhelmingly supported the construction of the berm. Accordingly, we conclude that the judgment should be reversed, respondents' motion granted, and the petition dismissed.

GREEN, SCUDDER, GORSKI and LAWTON, JJ., concur.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously reversed on the law, without costs, the motion is granted and the petition is dismissed.