In the Matter of JOHN JOHN, LLC, Appellant, v PLANNING BOARD OF TOWN OF BROOKHAVEN et al., Respondents. [790 NYS2d 500]—

In a proceeding pursuant to CPLR article 78 to review two determinations of the Planning Board of the Town of Brookhaven dated November 13, 2002, and December 12, 2002, which, inter alia, granted site plan approval for the development of an extended-stay hotel and a height variance, the petitioner appeals from (1) an order of the Supreme Court, Suffolk County (Costello, J.), dated July 29, 2003, which granted the separate motions of the respondents the Planning Board of the Town of Brookhaven, Extended Stay America, and Exit 63 Development, LLC, pursuant to, among other things, CPLR 3211 (a) (3) and CPLR 7804 (f) to dismiss the amended petition on the ground that the petitioner lacked standing, and (2) a judgment of the

same court dated September 11, 2003, which, upon the order, denied the amended petition and dismissed the proceeding.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, the order is vacated, the motions are denied, the amended petition is reinstated, and the matter is remitted to the Supreme Court, Suffolk County, for a determination on the merits, after the respondents have been afforded an opportunity to answer the amended petition; and it is further,

Ordered that the respondents' time to answer the amended petition is extended until 20 days after service upon them of a copy of this decision and order.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the proceeding (see Matter of Aho, 39 NY2d 241, 248 [1976]).

In the instant case, it is undisputed that the petitioner's property and the subject property are adjacent to each other. The " 'proximity' allegations in the amended petition were sufficient to establish standing" prima facie (Williams v Hertzwig, 251 AD2d 655, 656 [1998]; see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 413 [1987]). In response to the prima facie demonstration of standing in the amended petition, the respondents contended that the petitioner's motives were to avoid business competition and the petitioner's contentions with respect to traffic and environmental concerns were without merit. However, the presence of an economic motive will not defeat standing if the adjacent property owner also has alleged concerns which are within the zone of interest to be protected (see Matter of Duke & Benedict v Town of Southeast, 253 AD2d 877, 878 [1998]).

Upon the respondents' motions to dismiss pursuant to, inter alia, CPLR 3211 (a) (3) and CPLR 7804 (f) "only the petition is to be considered and all of its allegations are to be deemed true" (Matter of Zaidins v Hashmall, 288 AD2d 316, 316-317 [2001]). The petitioner's allegations address concerns which are within the zone of interest to be protected. Further, since the record of the administrative proceeding is not part of the record on appeal, this Court cannot ascertain what, in fact, was raised at the administrative hearing and the merits of the controversy.

In view of the foregoing, we reverse the judgment appealed from and remit the matter to the Supreme Court, Suffolk

County. After the respondents have been afforded an opportunity to answer the amended petition (*see* CPLR 7804 [f]), the Supreme Court should render a determination on the merits. Florio, J.P., Krausman, Goldstein and Mastro, JJ., concur.