■ In the Matter of LONG ISLAND BUSINESS AVIATION ASSOCIATION, INC., Appellant, v TOWN OF BABYLON et al., Respondents. [815 NYS2d 217]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of

Babylon dated January 29, 2004, which, after a hearing, granted the application of Stew Leonard's and Avilas, Inc., for special use permits and an area variance, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), entered January 21, 2005, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court correctly denied the petition and dismissed the proceeding on the ground that the petitioner lacks standing (*see* Town Law § 267-c [1]). In order to establish standing, the petitioner must show that it would suffer direct injury different from that suffered by the public at large (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 413-414 [1987]; *Matter of Meehan v County of Westchester,* 3 AD3d 533 [2004]; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown,* 280 AD2d 548, 549-550 [2001]). Here, however, the potential injuries alleged by the petitioner were speculative and therefore insufficient to establish standing (*see New York State Assn. of Nurse Anesthetists v Novello,* 2 NY3d 207, 211 [2004]; *Matter of Brighton Residents Against Violence to Children v MW Props.,* 304 AD2d 53, 56-57).

Furthermore, the petitioner failed to show that the interests it asserted were within the zone of interest protected by the zoning laws at issue (*see* Town Law § 267-b [3]; Code of the Town of Babylon §§ 213-12, 213-13; *Matter of Sun-Brite Car Wash, supra; Matter of Kemp v Zoning Bd. of Appeals of Vil. of Wappingers Falls,* 216 AD2d 466 [1995]). Accordingly, the petitioner failed to establish its standing as an association to bring this proceeding (*see Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 775 [1991]; *Matter of Long Is. Pine Barrens Socy. v Supervisor of Town of E. Hampton,* 293 AD2d 616 [2002]; *see also Matter of Douglaston Civic Assn. v Galvin,* 36 NY2d 1, 7 [1974]).

The petitioner's remaining contentions are without merit. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.