In the Matter of Tappan Cleaners, Respondent, v Zoning Board of Appeals of Village of Irvington et al., Appellants. [868 NYS2d 320]—

684

The Supreme Court erroneously determined that the petitioner had standing to challenge the determination of the Zoning Board of Appeals of the Village of Irvington (hereinafter the Board). Notwithstanding the proximity of the petitioner's business to the property owned by 53 Main Realty, LLC, the petition failed to allege any clear noneconomic concerns, and instead implied that the petitioner's challenge was based on a fear of increased business competition. Such an interest is not within the zone of interests protected by the relevant zoning regulations (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 415 [1987]; *Matter of Fox v Favre,* 218 AD2d 655 [1995]). To the extent that the petitioner asserted potential "safety issues" and a "reduction in value of neighboring properties" in a letter written to the Chairman of the Board, those assertions were conclusory and speculative, and therefore, insufficient to establish standing (*see Matter of Brighton Residents Against Violence to Children v MW Props.,* 304 AD2d 53, 57 [2003]). Accordingly, the Supreme Court erred in granting the petition and annulling the Board's determination.

In light of the foregoing, we need not address the appellants' remaining contentions. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.