■ In the Matter of JAMES HARRIS et al., Respondents-Appellants, v TOWN BOARD OF TOWN OF RIVERHEAD et al., Appellants-Respondents, et al., Defendant/Respondent. [905 NYS2d 598]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review so much of a determination of the Town Board of the Town of Riverhead dated June 5, 2007, adopting resolution No. 557, as granted the application of Headriver, LLC, for site plan approval, and action for, among other things, a judgment declaring that Code of Town of Riverhead § 108-332, Local Law No. 47-2005 of Town of Riverhead, and Local Law No. 14-2007 of Town of Riverhead are null and void, the Town Board of Town of Riverhead and the Town of Riverhead appeal, and Headriver, LLC, separately appeals, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.), dated October 6, 2008, as converted their respective motions pursuant to CPLR 3211 (a) (1), (3), (5) and (7), and 7804 (f) to dismiss the petition/complaint insofar as asserted against each of them into motions for summary judgment, among other things,

dismissing the petition/complaint insofar as asserted against each of them on the ground that the petitioners/plaintiffs lacked standing or, in the alternative, in effect, declaring that Code of Town of Riverhead § 108-332, Local Law No. 47-2005 of Town of Riverhead, and Local Law No. 14-2007 of Town of Riverhead are valid, thereupon denied their motions for summary judgment, granted the petitioners/plaintiffs' cross motion for summary judgment declaring that those laws are null and void, declared that those laws are null and void, granted the petition to the extent of annulling the determination adopting resolution No. 557, and dismissed, as academic, the remainder of the proceeding, and the petitioners/plaintiffs cross appeal from the same order and judgment.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order and judgment is reversed insofar as appealed from, on the law, those branches of the respective motions of the Town Board of Town of Riverhead and the Town of Riverhead, and Headriver, LLC, which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the petition/complaint insofar as asserted against each of them are granted, the motions are otherwise denied as academic, and the petitioners/plaintiffs' cross motion for summary judgment is denied as academic, and the proceeding/action is dismissed insofar as asserted against the Town Board of Town of Riverhead, Town of Riverhead, and Headriver, LLC; and it is further,

Ordered that one bill of costs is awarded to the appellants-respondents appearing separately and filing separate briefs.

The petitioner/plaintiff United Food and Commercial Workers Union Local 1500 (hereinafter the union), and six individual petitioners/plaintiffs, who are residential property owners in the Town of Riverhead and members of the union (hereinafter collectively the petitioners), commenced this hybrid proceeding and action to challenge the proposed construction of a Wal-Mart Supercenter on property (hereinafter the project site) owned by Headriver, LLC (hereinafter Headriver), on Suffolk County Route 58 in Riverhead (see Riverhead PGC, LLC v Town of Riverhead, 73 AD3d 931 [2010] [decided herewith]). The individual petitioners, who live at distances ranging from 1.36 to 4.09 miles from the project site, claim that they have standing to challenge the Town's approval of a site plan for the project site, as well as two local laws and the provision of the Code of the Town of Riverhead upon which that approval was based, on the ground that they frequently drive on Route 58 for work or personal reasons and, consequently, will be injured by increased

traffic congestion generated by the new Wal-Mart. One of the individual petitioners lives on a side street, which he claims will receive increased traffic flow from motorists attempting to avoid the congestion on Route 58. The union asserts injury based upon alleged negative environmental and socio-economic impacts on the businesses along the Route 58 corridor which employ its members.

Contrary to these contentions, the petitioners failed to establish standing. The individual petitioners do not live close enough to the site to be afforded any presumption of injury-in-fact on the basis of proximity alone (*see Matter of East End Prop. Co. #1, LLC v Town Bd. of Town of Brookhaven*, 56 AD3d 773, 777-778 [2008]; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d 548, 549 [2001]; *cf. Matter of Duke & Benedict v Town of Southeast*, 253 AD2d 877, 878 [1998]). In any event, while proximity to the project site is not dispositive in establishing actual injury, the petitioners are required to show that they will suffer a direct injury different from that suffered by the public at large (*see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 304 [2009]; *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773-774 [1991]). In opposition to the separate motions of Headriver, and the Town and Town Board of Town of Riverhead (hereinafter collectively the respondents), the petitioners failed to demonstrate that the alleged increased traffic congestion and negative effects on the businesses along the Route 58 corridor are injuries specific to them and distinguishable from those suffered by the public at large (*see Matter of East End Prop. Co. #1, LLC v Town Bd. of Town of Brookhaven*, 56 AD3d at 777-778; *Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 760-761 [2002]). Accordingly, the Supreme Court should have granted those branches of the respondents' respective motions which were pursuant to CPLR 3211 (a) (3) to dismiss the petition, and the proceeding should have been dismissed for lack of standing.

Moreover, as the criteria regarding standing in a proceeding commenced pursuant to CPLR article 78 to challenge a land-use approval are the same as those that govern an action for a judgment declaring that a zoning ordinance is invalid (*see Riverhead PGC, LLC v Town of Riverhead*, 73 AD3d 931 [2010] [decided herewith]; *Matter of Haber v Board of Estimate of City of N.Y.*, 33 AD2d 571, 572 [1969]), the petitioners failed to establish standing to assert their declaratory judgment causes of action. Accordingly, the Supreme Court should have dismissed the action for lack of standing as well.

The cross appeal must be dismissed as abandoned (*see Sirma v Beach*, 59 AD3d 611, 614 [2009]; *Bibas v Bibas*, 58 AD3d 586 [2009]), as the brief submitted by the petitioners does not seek reversal or modification of any portion of the order and judgment. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.