In the Matter of RIVERHEAD PGC, LLC, Respondent, v TOWN OF RIVERHEAD et al. Appellants, et al., Respondent/Defendant. [905 NYS2d 595]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of Riverhead dated June 5, 2007, which adopted resolution No. 557, granting the application of Headriver, LLC, for site plan approval and an area variance, and action for, among other things, a judgment declaring that Code of Town of Riverhead §§ 108-332, 108-326 and 108-327, Local Law No. 47-2005 of Town of Riverhead, and Local Law No. 14-2007 of Town of Riverhead are null and void, the Town of Riverhead, Phil Cardinale, George

Bartunek, Barbara Blass, Ed Densieski, and John Dunleavy, constituting and as the Town Board of the Town of Riverhead, appeal, and Headriver, LLC, separately appeals, as limited by their respective briefs, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Whelan, J.) dated October 6, 2008, as converted their respective motions pursuant to CPLR 3211 (a) (1), (3), (5) and (7) and 7804 (f) to dismiss the petition/complaint insofar as asserted against each of them into motions for summary judgment, among other things, dismissing the petition/complaint insofar as asserted against each of them on the ground that the petitioner/plaintiff lacked standing or, in the alternative, in effect, declaring that Code of Town of Riverhead §§ 108-332, 108-326 and 108-327, Local Law No. 47-2005 of Town of Riverhead, and Local Law No. 14-2007 of Town of Riverhead are valid, and thereupon denied their motions for summary judgment, and granted the petitioner/plaintiff's cross motion for summary judgment declaring that those laws are null and void, declared that those laws are null and void, granted the petition to the extent of annulling the determination adopting resolution No. 557, and dismissed, as academic, the remainder of the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, those branches of the respective motions of the Town of Riverhead, Phil Cardinale, George Bartunek, Barbara Blass, Ed Densieski, and John Dunleavy, constituting and as the Town Board of the Town of Riverhead, and Headriver LLC, which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the petition/complaint insofar as asserted against each of them are granted, the motions are otherwise denied as academic, the petitioner/plaintiff's motion for summary judgment is denied as academic, and the proceeding/action is dismissed insofar as asserted against the Town of Riverhead, Phil Cardinale, George Bartunek, Barbara Blass, Ed Densieski, and John Dunleavy, constituting and as the Town Board of the Town of Riverhead, and Headriver, LLC; and it is further,

Ordered that one bill of costs is awarded to the appellants appearing separately and filing separate briefs.

The petitioner/plaintiff (hereinafter the petitioner) owns a shopping center known as Riverhead Plaza on Suffolk County Route 58 in Riverhead, in which Wal-Mart is currently a tenant. The petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and declaratory judgment action to challenge a resolution of the Town Board of the Town of Riverhead (hereinafter the Town Board), which approved site plan and variance

applications for the construction of a Wal-Mart Supercenter "big box" store on property owned by the appellant Headriver, LLC (hereinafter Headriver), and to declare null and void the local laws and provisions of the Code of the Town of Riverhead (hereinafter the Town Code) pursuant to which the resolution was made. Headriver's property is located on Route 58, more than two miles to the west of Riverhead Plaza, and Wal-Mart intends to vacate its store in the Riverhead Plaza and move to Headriver's property upon completion of the new Wal-Mart Supercenter.

The petitioner contends that it will be injured by the proposed development of Headriver's parcel due to increased traffic congestion to the west of Riverhead Plaza on Route 58, causing motorists to avoid Route 58 and use local roads, diverting them away from the petitioner's property and, thus, decreasing its value by adversely impacting the petitioner's ability to maintain its present customer level. The petitioner acknowledged in its submissions to the Supreme Court that it cannot control Wal-Mart's relocation, "nor does it need Wal-Mart in its center to survive," but "if it is unable to acquire a suitable replacement tenant for its shopping center because the traffic patterns are so disrupted that no suitable tenant would be interested, the property is harmed, and [the petitioner] is damaged."

The Town and the members of the Town Board (hereinafter collectively the Town) contend that the petitioner lacks standing to challenge the resolution, and we agree. To establish standing, the petitioner must show that it would suffer direct injury different from that suffered by the public at large, and that the injury asserted falls within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted (see *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773-774 [1991]; *Matter of Friedman v Town Clerk of Town of Hempstead*, 62 AD3d 699, 700 [2009]). Here, in the first instance, the petitioner may not avail itself of any presumption of injury-in-fact since its property does not lie in sufficiently close proximity to the proposed project site (see *Matter of East End Prop. Co. #1, LLC v Town Bd. of Town of Brookhaven*, 56 AD3d 773, 777-778 [2008]; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d 548, 549 [2001]; cf. *Matter of Duke & Benedict v Town of Southeast*, 253 AD2d 877, 878 [1998]). Moreover, and perhaps more crucially, the injury asserted by the petitioner does not implicate an interest protected by the local laws and town code provisions at issue. Economic harm caused by business competition is not an interest protected by the zoning laws (see *Matter*

*of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead,* 69 NY2d 406, 415 [1987]; *Matter of Friedman v Town Clerk of Town of Hempstead,* 62 AD3d at 700). In any event, the petitioner has not adequately demonstrated actual injury-in-fact with its speculation that increased traffic congestion to the west of its property will significantly damage its customer base, including customers who travel from other directions.

Accordingly, upon the record presented, the petitioner failed to establish standing to challenge resolution No. 557 pursuant CPLR article 78 (*see Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington,* 57 AD3d 683, 684 [2008]; *Matter of McGrath v Town Bd. of Town of N. Greenbush,* 254 AD2d 614, 615-616 [1998]).

Moreover, contrary to the petitioner's contention, it also lacks standing to assert the declaratory judgment causes of action which seek to invalidate certain Town Code provisions and local laws. The "standing required to maintain an action declaring a zoning ordinance to be invalid is based on the same criteria required to institute a proceeding under article 78 of the CPLR" (*Matter of Haber v Board of Estimate of City of N.Y.,* 33 AD2d 571, 572 [1969]). Accordingly, those branches of the appellants' motions which were pursuant to CPLR 3211 (a) (3) to dismiss the petition/complaint insofar as asserted against each of them should have been granted, and the Supreme Court should have dismissed the proceeding and action insofar as asserted against them.

In light of our determination, it is unnecessary to reach the parties' remaining contentions. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.

Motion by the petitioner/plaintiff-respondent to strike the reply brief of the appellant Headriver, LLC, on an appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County, dated October 6, 2008. By decision and order on motion of this Court dated February 4, 2010, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is denied. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.