■ In the Matter of RUTH RADOW et al., Appellants, et al., Petitioners, v BOARD OF APPEALS OF TOWN OF HEMPSTEAD, Respondent, and ATLANTIC BEACH LAND COMPANY, LLC, Intervenor-Respondent. [989 NYS2d 914]—

In a proceeding pursuant to CPLR article 78 to review certain determinations by the Board of Appeals of the Town of Hempstead issuing certain zoning variances, the petitioners Ruth Radow and Seymour Radow appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Sher, J.), dated August 10, 2012, as granted that branch of the motion of the intervenor Atlantic Beach Land Company, LLC, which was to dismiss the petition insofar as asserted by them on the ground of lack of standing, and dismissed the proceeding insofar as asserted by them.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly determined that petitioners Ruth Radow and Seymour Radow (hereinafter together the appellants) lack standing to contest the issuance of certain zoning variances to beach club owner Atlantic Beach Land Company, LLC, by the Board of Appeals of the Town of Hempstead. To establish standing, a petitioner must show that he or she "would suffer direct injury different from that suffered by the public at large, and that the injury asserted falls within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (*Matter of Riverhead PGC, LLC v Town of Riverhead*, 73 AD3d 931, 933

[2010]; *see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 773-774 [1991]). "Injury-in-fact may arise from the existence of a presumption established by the allegations demonstrating close proximity to the subject property or, in the absence of such a presumption, the existence of an actual and specific injury" (*Matter of Powers v De Groodt*, 43 AD3d 509, 513 [2007] [citation omitted]; *see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]). Here, the appellants failed to satisfy these requirements.

The appellants live .69 miles away from the subject beach club. Thus, they are not entitled to a presumption of injury (*see Matter of Riverhead Neighborhood Preserv. Coalition, Inc. v Town of Riverhead Town Bd.*, 112 AD3d 944, 944-945 [2013]; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d 548, 549 [2001]). Their allegations of injury-in-fact due to overcrowding and congestion are purely speculative (*see Matter of Powers v De Groodt*, 43 AD3d at 513; *Matter of Long Is. Bus. Aviation Assn., Inc. v Town of Babylon*, 29 AD3d 794, 795 [2006]). Moreover, the alleged injuries are not specific to the appellants and distinguishable from those suffered by the public at large (*see Matter of Harris v Town Bd. of Town of Riverhead*, 73 AD3d 922, 923-924 [2010]; *Matter of Powers v De Groodt*, 43 AD3d at 513; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d at 550). Accordingly, the appellants lack standing.

Since the petitioners Mildred Beck and Alan Rosenbloom did not file notices of appeal, the arguments presented on their behalf are not properly before this Court (*see GMAC, LLC v Ray*, 110 AD3d 1030, 1031 [2013]; *Weinstein v Natalie Weinstein Design Assoc., Inc.*, 86 AD3d 641, 644 [2011]). Rivera, J.P., Balkin, Dickerson and Cohen, JJ., concur.