■ In the Matter of STEWART PARK AND RESERVE COALITION, INC., Appellant, v TOWN OF NEW WINDSOR ZONING BOARD OF APPEALS et al., Respondents. [26 NYS3d 588]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of New Windsor Zoning Board of Appeals dated August 26, 2013, which denied the petitioner's application for the revocation of a building permit

for a temporary asphalt plant, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Bartlett, J.), dated March 4, 2014, which granted those branches of the motion of the Town of New Windsor Zoning Board of Appeals, Town of New Windsor, Town of New Windsor Town Board, Town of New Windsor Planning Board, Louis Krychear, and Jennifer Gallagher, and the separate motion of Jointa Lime Company, which were to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner commenced this proceeding to challenge the construction of a temporary asphalt plant located on property in the Town of New Windsor Airport (AP) District leased to the Jointa Lime Company by the Town of New Windsor. The plant was to be used to supply asphalt to repave the runways at Stewart International Airport and for a repaving project for the New York State Department of Transportation at Interstate-84. The petitioner alleges that its members will be harmed by the plant because it will have a negative environmental impact on Stewart State Forest. The respondents separately moved to dismiss the petition on the ground, inter alia, that the petitioner lacked standing. The Supreme Court granted those branches of the motions which were to dismiss the petition on the ground that the petitioner lacked standing, and dismissed the proceeding.

" '[I]n land use matters . . . the plaintiff, for standing purposes, must show that it would suffer direct harm, injury that is in some way different from that of the public at large' " (*Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 304 [2009], quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]). Whether an organization or association has standing involves the application of the three-pronged test set forth in *Society of Plastics Indus. v County of Suffolk* (77 NY2d at 775). As pertinent to this appeal, the first prong of that test requires that the organization or association demonstrate that "one or more of its members would have standing to sue" as an individual (*id.*). An individual has standing where he or she "would suffer direct harm, injury that is in some way different from that of the public at large" (*id.* at 774) and "the in-fact injury of which [he or she] complains . . . falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (*id.*

at 773, quoting *Lujan v National Wildlife Federation*, 497 US 871, 883 [1990]; *see Roulan v County of Onondaga*, 21 NY3d 902, 905 [2013]). Here, the petitioner submitted an affidavit from one of its members asserting that he frequently used the area of Stewart State Forest that was closest to the temporary asphalt plant. However, his allegations that the operation of the plant polluted the natural resources of the forest were conclusory and speculative, and therefore, insufficient to establish standing (*see Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington*, 57 AD3d 683 [2008]; *Matter of Long Is. Bus. Aviation Assn., Inc. v Town of Babylon*, 29 AD3d 794 [2006]).

Accordingly, the Supreme Court properly granted those branches of the respondents' separate motions which were to dismiss the proceeding on the ground that the petitioner lacked standing, and properly dismissed the proceeding.

In light of our determination, we need not reach the parties' remaining contentions. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.

Separate motions by the respondents Town of New Windsor Zoning Board of Appeals, Town of New Windsor, Town of New Windsor Town Board, Town of New Windsor Planning Board, Louis Krychear, and Jennifer Gallagher, and the respondent Jointa Lime Company, inter alia, to dismiss an appeal from an order and judgment (one paper) of the Supreme Court, Orange County, dated March 4, 2013, on the ground that the appeal has been rendered academic. By decision and order on motion of this Court dated July 22, 2014, those branches of the motions which were to dismiss the appeal on the ground that the appeal has been rendered academic were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motions and the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branches of the motions which were to dismiss the appeal from the order and judgment on the ground that the appeal has been rendered academic are denied. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.