■ In the Matter of Panevan Corporation et al., Appellants, v Town of Greenburgh et al., Respondents. [40 NYS3d 530]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Greenburgh Zoning Board of Appeals dated June 20, 2013, which, after a hearing, granted the application of Dimitri Ostashkin, doing business as 788 Central Park Avenue, LLC, for area variances, and action for a judgment declaring, inter alia, that the Town of Greenburgh Zoning Board of Appeals lacked jurisdiction to issue two of those variances, the petitioners/plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Warhit, J.), entered January 13, 2014, which, inter alia, granted the separate motions of the respondents/defendants to dismiss the petition/complaint on the ground of lack of standing, and denied the petition and dismissed the proceeding and action.

Ordered that the order and judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioners/plaintiffs are the owners or tenants of a property on Central Park Avenue in the Town of Greenburgh. The El Dorado Diner is situated on that property (hereinafter the El Dorado property). The El Dorado property is adjacent to a property owned by Dimitri Ostashkin, doing business as 788 Central Park Avenue, LLC (hereinafter Ostashkin; hereinafter the subject property). The subject property was formerly occupied by a gas station and a residence. In pursuit of a project he wanted to build on the subject property, Ostashkin sought area variances from the provisions of the 1980 Town of Greenburgh Zoning Ordinance (hereinafter the zoning ordinance), and the Town of Greenburgh Zoning Board of Appeals (hereinafter the Zoning Board) granted Ostashkin's application in part. The petitioners/plaintiffs commenced this hybrid proceeding and action to challenge the Zoning Board's determination. They contend, among other things, that there is inadequate parking in the area and that the Zoning Board's determination will have adverse impacts on traffic and parking conditions. Ostashkin moved, and the Town and the Zoning Board separately moved, to dismiss the petition/complaint. The Supreme Court granted the motions, and denied the petition and dismissed the proceeding and action, holding that the petitioners/plaintiffs lack standing to challenge the Zoning Board's determination. The petitioners/plaintiffs appeal.

A petitioner challenging an administrative action must demonstrate that it has standing to bring the challenge. To demonstrate standing, the petitioner must show that the administrative action will have a harmful effect on it, and that the interest the petitioner asserts is "arguably within the zone of interest to be protected by the statute" (*Matter of Dairylea Coop. v Walkley*, 38 NY2d 6, 9 [1975]; *see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 413 [1987]; *Matter of Riverhead PGC, LLC v Town of Riverhead*, 73 AD3d 931, 933 [2010]). In order to satisfy the first prong of that test, the petitioner must demonstrate that the action will cause it "direct harm, injury that is in some way different from that of the public at large" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]; *see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d at 415-416). In the context of zoning, an inference of direct harm may arise from the petitioner's proximity to the property that is the subject of the administrative action: the closer the petitioner, the stronger the inference (*see Matter of John John, LLC v Planning Bd. of Town of Brookhaven*, 15 AD3d 486, 487 [2005]; *Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d 651, 652 [2004]; *Matter of O'Donnell v Town of Schoharie*, 291 AD2d 739, 740-741 [2002]; *cf. Matter of Radow v Board of Appeals of Town of Hempstead*, 120 AD3d 502, 503 [2014]; *Matter of Riverhead PGC, LLC v Town of Riverhead*, 73 AD3d at 933). Indeed, a petitioner whose property is adjacent to the property that is the subject of the administrative action may rely on a presumption of direct injury for purposes of standing (*see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d at 413-414; *Matter of John John, LLC v Planning Bd. of Town of Brookhaven*, 15 AD3d at 487; *Matter of Oefelein v Town of Thompson Planning Bd.*, 9 AD3d 556, 557 [2004]). Nevertheless, even a petitioner whose property is adjacent to the subject property must demonstrate that its alleged injury is within the "zone of interest" of the statute (*see Matter of Oefelein v Town of Thompson Planning Bd.*, 9 AD3d at 557-558). "Simply stated, a party must show that the in-fact injury of which it complains (its aggrievement, or the adverse effect upon it) falls within the 'zone of interests,' or concerns, sought to be promoted or protected by the statutory provision under which the agency has acted" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 773-774).

Here, we agree with the Supreme Court that the petitioners/ plaintiffs did not allege any legally cognizable injury with

respect to parking or traffic. Simply put, the only effect that the petitioners/plaintiffs allege the area variances will have with respect to parking is limited to parking actually on the subject property. There is no allegation of impact as to on-street parking (*cf. Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals*, 9 AD3d at 652-653). Moreover, the petitioners/plaintiffs did not allege in other than an entirely conclusory and speculative fashion that traffic congestion will result from the Zoning Board's determination (*see* 1980 Town of Greenburgh Zoning Ordinance § 285-2 [D]; *Matter of Stewart Park & Reserve Coalition, Inc. v Town of New Windsor Zoning Bd. of Appeals*, 137 AD3d 924, 926 [2016]; *Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington*, 57 AD3d 683, 684 [2008]; *Matter of Brighton Residents Against Violence to Children v MW Props.*, 304 AD2d 53, 57 [2003]). Accordingly, the Supreme Court properly held that the petitioners/plaintiffs lacked standing to challenge the Zoning Board's determination (*see Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington*, 57 AD3d at 684).

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Balkin, J.P., Hall, Cohen and LaSalle, JJ., concur.