Matter of Airport Parking Assoc., LLC v Town of N. Castle, NY (2021 NY Slip Op 06686)





Matter of Airport Parking Assoc., LLC v Town of N. Castle, NY


2021 NY Slip Op 06686


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2018-03451 
2018-06690
 (Index No. 60828/17)

[*1]In the Matter of Airport Parking Associates, LLC, petitioner/plaintiff-appellant, 
v
Town of North Castle, NY, et al., defendants/respondents-respondents, et al., defendant-respondent.


Albert J. Pirro, Jr., White Plains, NY, for petitioner/plaintiff-appellant.
Stephens, Baroni, Reilly & Lewis, LLP, White Plains, NY (Gerald D. Reilly of counsel), for defendants/respondents-respondents Town of North Castle, NY, Town of North Castle, NY Planning Board, and Town of North Castle, NY Town Board.
Cuddy & Feder LLP, White Plains, NY (William S. Null, Andrew P. Schriever, and Leanne M. Shofi of counsel), for defendant/respondent-respondent 11 New King Street, LLC.



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, the petitioner/plaintiff appeals from (1) an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated March 1, 2018, and (2) an order of the same court dated May 31, 2018. The order and judgment granted the separate motions of the respondent/defendant 11 New King Street, LLC, and the respondents/defendants Town of North Castle, NY, Town of North Castle, NY Planning Board, and Town of North Castle, NY Town Board pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them and dismissed the proceeding/action. The order denied the petitioner/plaintiff's motion for leave to renew its opposition to the separate motions of the respondent/defendant 11 New King Street, LLC, and the respondents/defendants Town of North Castle, NY, Town of North Castle, NY Planning Board, and Town of North Castle, NY Town Board pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them.
ORDERED that the order and judgment is affirmed; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents/defendants appearing separately and filing separate briefs.
The petitioner/plaintiff (hereinafter the petitioner) commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory and injunctive relief, challenging Local Law No. 3 of 2017 of the Town of North Castle (hereinafter the Local Law), which was adopted by the [*2]Town Board on June 28, 2017. The Local Law amended the Town's zoning ordinance by adding structured parking as a special permit use in the Industrial AA zoning district. The Local Law was adopted in connection with an application by the respondent/defendant 11 New King Street, LLC (hereinafter King Street), to construct a multilevel, automated parking garage to provide additional parking for the Westchester County Airport. The petitioner holds a ground lease at the Westchester County Airport, pursuant to which it is the exclusive operator of parking facilities there.
King Street moved, and the respondents/defendants Town of North Castle, NY, Town of North Castle, NY Planning Board, and Town of North Castle, NY Town Board (hereinafter collectively the Town respondents) separately moved, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition/complaint insofar as asserted against each of them on the ground, among others, that the petitioner lacked standing. In an order and judgment dated March 1, 2018, the Supreme Court granted the separate motions on the ground that the petitioner lacked standing and dismissed the proceeding/action. In an order dated May 31, 2018, the court denied the petitioner's subsequent motion for leave to renew its opposition to the separate motions. The petitioner appeals from both papers.
Standing is a threshold determination, and the burden of establishing standing to challenge, under the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), the Local Law and the issuance of a special permit to King Street was on the petitioner as the party seeking review (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 769). "To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 727-728).
An injury in fact may be inferred from a showing of close proximity of the petitioner's property to the proposed development (see Matter of Gernatt Asphalt Prods. v Town of Sardinia, 87 NY2d 668, 687; Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d 406, 414; Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d at 728). Generally, the relevant distance is the distance between the petitioner's property and the actual structure or development itself, not the distance between the petitioner's property and the property line of the site (see Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d at 728; Matter of Gallahan v Planning Bd. of City of Ithaca, 307 AD2d 684; see also Matter of Barrett v Dutchess County Legislature, 38 AD3d 651, 654; Matter of Ziemba v City of Troy, 37 AD3d 68, 71).
Here, the Supreme Court correctly found that the petitioner failed to satisfy its burden of coming forward with probative evidence sufficient to establish that its property is located in sufficiently close proximity to the challenged project in order to be entitled to the presumption that it would suffer injury in fact (see Matter of Piela v Van Voris, 229 AD2d 94, 95-96).
Furthermore, where the only substantiated injury is the threat of increased business competition, an interest which is not within the zone of interests protected by the zoning laws, even a close neighbor lacks standing to contest a zoning determination (see Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead, 69 NY2d at 410). Here, the petitioner failed to substantiate that it would suffer any injury as a result of King Street's project that is not solely economic in nature, due to business competition (see id. at 415; Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d 931, 933; Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington, 57 AD3d 683, 684).
Additionally, the Supreme Court properly denied the petitioner's motion for leave to renew because the proffered new facts would not change the original determination and the petitioner failed to provide a reasonable justification for failing to offer the new facts on the prior motions (see CPLR 2221[e][2], [3]; Palmer-Williams v Rubin, 187 AD3d 773, 775; Oceanview Assoc., LLC v HLS Bldrs. Corp., 184 AD3d 843, 846).
The petitioner's remaining contentions are without merit.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court