Matter of Greenville Fire Dist. v Town Bd. of the Town of Greenburgh (2022 NY Slip Op 01022)





Matter of Greenville Fire Dist. v Town Bd. of the Town of Greenburgh


2022 NY Slip Op 01022


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-02945
 (Index No. 54656/18)

[*1]In the Matter of Greenville Fire District, et al., appellants,
v
Town Board of the Town of Greenburgh, et al., respondents.


Keane & Beane, P.C., White Plains, NY (Jennifer L.Gray of counsel), for appellants.
Timothy W. Lewis, Town Attorney, Greenburgh, NY, for respondent Town Board of the Town of Greenburgh and Zoning Board of Appeals of the Town of Greenburgh.
Bleakley Platt & Schmidt, LLP, White Plains, NY (Lino J. Sciarretta of counsel), for respondent Formation-Shelbourne Senior Living Services, LLC.
Bertine, Hufnagel, Headley, Zeltner, Drummond & Dohn, LLP, Scarsdale, NY (Kelly M. Welch of counsel), for respondent Alfred H. Krautter.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review (1) a determination of the Town Board of the Town of Greenburgh dated February 28, 2018, which granted the application of the respondent Formation-Shelbourne Senior Living Services, LLC, for a special permit related to the proposed construction of an assisted living facility, and (2) a determination of the Board of Zoning Appeals of the Town of Greenburgh dated April 20, 2017, which adopted a conditioned negative declaration under the New York State Environmental Quality Review Act (ECL art 8), the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Susan Cacace, J.), dated February 5, 2019. The order and judgment granted the respondents' separate motions pursuant to CPLR 3211(a) to dismiss the petition, in effect, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The background facts of this matter are set forth in our decision and order on a related appeal (see Matter of Greenville Fire Dist. v Zoning Bd. of Appeals of the Town of Greenburgh, ___ AD3d )___ [Appellate Division Docket No. 2018-01556; decided herewith]; hereinafter Greenville I).
The respondent Formation-Shelbourne Senior Living Services, LLC (hereinafter Formation-Shelbourne), is the prospective purchaser of certain property owned by the respondent Alfred H. Krautter and located on Underhill Road in the Town of Greenburgh. Formation-Shelbourne applied to the respondent Town Board of the Town of Greenburgh (hereinafter the Town [*2]Board) for a special permit in relation to its proposed construction of an assisted living facility on the property. The relevant zoning ordinance authorizes the Town Board to issue a special permit for the development of such facilities within the property's zoning district where the project complies with the conditions set forth in former Town of Greenburgh Code § 285-10A(4)(f). On February 28, 2018, after a hearing, the Town Board approved a resolution to grant Foundation-Shelbourne a special permit for the project.
In March 2018, the petitioners commenced this proceeding pursuant to CPLR article 78 to review the determination of the Town Board to grant the special permit, as well as a prior determination of the respondent Zoning Board of Appeals of the Town of Greenburgh (hereinafter the ZBA), which adopted a conditioned negative declaration (hereinafter CND) pursuant to the New York State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA). The respondents separately moved pursuant to CPLR 3211(a) to dismiss the petition. By order and judgment dated February 5, 2019, the Supreme Court granted the motions to dismiss the petition, in effect, denied the petition, and dismissed the proceeding, based on the petitioners' lack of standing and on the alternative ground that the proceeding was barred by the doctrine of res judicata. The petitioners appeal.
"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (Matter of Hunter, 4 NY3d 260, 269). "The rule applies not only to claims actually litigated but also to claims that could have been raised in the prior litigation" (id. at 269).
The Supreme Court properly determined that the branch of the petition which was to review the ZBA's issuance of the CND is barred by the doctrine of res judicata. In Greenville I—a proceeding involving the same petitioners as well as the ZBA—the Supreme Court determined that the petitioner's challenge to the CND was time-barred. The petitioners are therefore barred from relitigating that issue (see Matter of Reilly v Reid, 45 NY2d 24, 27).
Moreover, the respondents' motions to dismiss that branch of the petition which was to review the Town Board's determination to grant the special permit was properly granted on the ground that the petitioners lacked standing.
"Standing is. . . a threshold requirement for a plaintiff seeking to challenge governmental action" (New York State Assn. of Nurse Anesthetists v Novello, 2 NY3d 207, 211). Where standing is disputed, the "[p]etitioner has the burden of establishing both an injury-in-fact and that the asserted injury is within the zone of interests sought to be protected by the statute alleged to have been violated" (Matter of Association for a Better Long Is., Inc. v New York State Dept. of Envtl. Conservation, 23 NY3d 1, 6). In land use matters, the petitioner "'must show that it would suffer direct harm, injury that is in some way different from that of the public at large'" (id. at 6, quoting Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 774; see 159-MP Corp. v CAB Bedford, LLC, 181 AD3d 758, 761).
Here, the petitioners did not allege any legally cognizable injury with respect to an anticipated increase in the number of emergency calls due to the construction of the proposed assisted living facility and the resulting need for additional personnel and equipment to adequately provide services. These concerns are outside the zone of interests that former Town of Greenburgh Code § 285-10A(4)(f)(14) sought to protect (see generally Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington, 57 AD3d 683, 684). Moreover, the petitioners' generalized allegations that the Town Board's determination may result in a road safety hazard for its emergency vehicles were conclusory and speculative, and therefore, insufficient to establish standing (see Matter of Stewart Park & Reserve Coalition, Inc. v Town of New Windsor Zoning Bd. of Appeals, 137 AD3d 924, 926; Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d 931, 934; Matter of Long Is. Bus. Aviation Assn., Inc. v Town of Babylon, 29 AD3d 794, 795).
In light of our determination, we need not reach the parties' remaining contention.
CHAMBERS, J.P., CHRISTOPHER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court