Matter of Beckerman v Liguori (2022 NY Slip Op 06002)

Matter of Beckerman v Liguori

2022 NY Slip Op 06002

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2019-09203
 (Index No. 617294/18)

[*1]In the Matter of Julianne W. Beckerman, appellant,
v
James L. Liguori, etc., et al., respondents.

Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel), for appellant.
Harris Beach, PLLC, Uniondale, NY (Keith M. Corbett and Stephanie L. Tanzi of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a resolution of the Board of Trustees of the Village of Muttontown dated August 27, 2018, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered June 25, 2019. The order and judgment granted the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition, denied the petitioner's cross motion for leave to amend the petition and for leave to file a late notice of claim, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
In 2018, the petitioner commenced this proceeding pursuant to CPLR article 78 to review a resolution of the Board of Trustees of the Village of Muttontown dated August 27, 2018, which provided that funds which were held in a fund for the acquisition of parkland were to be transferred into a general capital improvement fund. The petition also sought to annul Local Law No. 2-2018 of the Village of Muttontown to the extent that it provided for the indemnification of Village employees in the amount of any judgment obtained against them for punitive damages and for damages arising out of intentional wrongdoing or recklessness, based upon their acts as employees. The petitioner asserted, inter alia, that the resolution and the local law were passed in violation of various laws, including the State Environmental Quality Review Act (SEQRA). The respondents moved to dismiss the proceeding, inter alia, on grounds of lack of standing. The petitioner opposed the motion, and cross-moved for leave to amend the petition and for leave to file a late notice of claim. The Supreme Court granted the motion, denied the cross motion, denied the petition, and dismissed the proceeding. The petitioner appeals.
Generally, to establish standing to challenge governmental action, the petitioner must show that it would "suffer direct injury different from that suffered by the public at large, and that the injury asserted falls within the zone of interests or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d 931, 933; see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 773). Here, the petitioner did not adequately demonstrate that she suffered direct injury different from that suffered by the public at large. Accordingly, the petitioner failed to establish [*2]standing to challenge the resolution and the local law pursuant to CPLR article 78 (see Matter of Riverhead PGC, LLC v Town of Riverhead, 73 AD3d at 933; Matter of Tappan Cleaners v Zoning Bd. of Appeals of Vil. of Irvington, 57 AD3d 683, 684).
The Supreme Court also correctly determined that the petitioner lacked standing to assert SEQRA claims. "To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA" (Matter of Tuxedo Land Trust, Inc. v Town Bd. of Town of Tuxedo, 112 AD3d 726, 727-728; see Society of Plastics Indus. v County of Suffolk, 77 NY2d at 772-774; Matter of Board of Fire Commrs. of the Fairview Fire Dist. v Town of Poughkeepsie Planning Bd., 156 AD3d 621, 622; Matter of Village of Chestnut Ridge v Town of Ramapo, 45 AD3d 74, 89-90). To qualify for standing to raise a SEQRA challenge, a party must demonstrate that it will suffer an injury that is environmental and not solely economic in nature (see Matter of County Oil Co., Inc. v New York City Dept. of Envtl. Protection, 111 AD3d 718, 719; Matter of Valhalla Union Free School Dist. v Board of Legislators of County of Westchester, 183 AD2d 771, 772). Here, the petitioner's concerns are solely economic in nature and there was no environmental injury resulting from the enactment of the resolution and the local law.
Accordingly, the Supreme Court properly granted the respondents' motion pursuant to CPLR 3211(a) to dismiss the petition, denied the petitioner's cross motion for leave to amend the petition and for leave to file a late notice of claim, denied the petition, and dismissed the proceeding.
In light of our determination, we need not consider the parties' remaining contentions.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court